TAUZIEDE *et al.* v. JUMEL *et al.*

(*Supreme Court, General Term, First Department.* June 12, 1891.)

JUDGMENT—RES ADJUDICATA.

    C. brought an action for the purpose of fixing the rights of parties in respect to certain trust property. T. afterwards instituted an action for the same purpose, the same persons as in C.'s action being parties thereto, either as plaintiffs or defendants, except that H., one of the plaintiff's in T.'s action, claiming an interest in the trust-estate under an assignment from T., one of its beneficiaries, was not a party to C.'s action. A judgment was rendered in C.'s action, charging the trust-estate with certain claims of C.'s assignees under an agreement to which T. and the other beneficiaries of the trust-estate were parties. On the trial of T.'s action, C.'s assignees, being defendants, offered the judgment roll in C.'s action in evidence as conclusively establishing the validity of their claims against the trust property. *Held*, that the judgment in C.'s action, affirmed by the court of appeals, fixing the rights of the beneficiaries of the trust-estate, was conclusive on H., assignee of one of said beneficiaries, though not a party to that proceeding.

Appeal from special term, New York county.

Action by Jean A. Tauziede and Charles H. Holt against Francois H. Jumel and others. The plaintiff Tauziede was one of the "Jumel heirs," entitled to an interest of one-twelfth in certain real estate in the city of New York, whereof Stephen Jumel died seised in 1832, and the plaintiff Charles H. Holt claims an interest therein under an assignment of one-fourth of the plaintiff Tauziede's interest in the premises. The object of their suit was to obtain a judgment, fixing their rights in respect of the Jumel estate, and the rights of one Charles A. de Chambrun, claiming a charge thereon under an agreement executed between himself and the Jumel heirs, by which he was to receive 47½ per cent. of such of the Jumel property as he should recover in legal proceedings to be instituted by him for that purpose. Plaintiffs asked that a judgment be entered directing a sale of the property in question in the hands of one Elliot, as trustee for the Jumel heirs, and that the proceeds thereof be distributed among the parties entitled. Shortly before the institution of the present proceeding an action had been brought by one Stephen M. Chester, claiming under an assignment from Charles H. de Chambrun, having the same object as the one at bar, and the same parties, with the exception of the plaintiff Holt, in which a judgment was rendered declaring that the agreement between De Chambrun and the Jumel heirs constituted a lien on their interest in the Jumel estate in the hands of the trustee, Elliot. *Chester* v. *Jumel*, 5 N. Y. Supp. 809. On the trial of the present action the plaintiffs read in evidence conveyances made by plaintiff Tauziede to plaintiff Holt in September, 1886, of an interest in the property. The conveyances to Elliot were also read in evidence. The defendants Chester and others read in evidence the judgment record in *Chester* v. *Jumel*, and rested. The court then made and filed its decision, and, among other things, found that Elliott held the title as trustee for the Jumels. The decision in *Chester* v. *Jumel* found, among other things, that the title was held by him as trustee for them and the claimants, De Chambrun and others. The trial judge held that the judgment in the Chester case determined and adjudicated the rights of the parties in this action, and was conclusive upon all the parties to this action, and directed a distribution of the proceeds in pursuance of such judgment. From so much of said judgment as established the claim of De Chambrun and those claiming under him as a charge on the Jumel property, and directed payment thereof out of the proceeds of a sale thereof made by the trustee, Elliot, plaintiffs appeal.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Roe & Mackin*, (*John J. Mackin*, of counsel,) for appellants. *Edward Winslow Paige* and *George C. Lay*, for respondents.

VAN BRUNT, P. J. As the case upon appeal does not contain all the evidence which was produced upon the trial of the action, the only questions which seem to be presented are whether any of the exceptions which were taken are of such a character as to require a reversal of the judgment which was entered herein. This action was brought for the purpose of obtaining a judgment fixing the rights of the parties in respect to certain property in the hands of the defendant Elliot, which was held by him as trustee, and directing a sale of said property and a distribution of the proceeds. Prior to the time of the commencement of this action another action had been commenced by one Chester against one of the plaintiffs herein (Tauziede) and the other defendants, for substantially the same relief. All the parties appeared and answered in said action, and the same was duly tried before a referee, and on the 19th of May, 1888, a judgment was entered in the clerk's office of this court. The parties to the said action were the same as in this action except the plaintiff Holt. In January, 1888, in the action at bar, an interlocutory judgment was entered by which the defendant Elliot was directed to sell the

premises described in the complaint, and he was further directed to make a report to this court of his proceedings, and deposit the proceeds of such sale or sales, after deducting the expenses thereof, and the taxes and assessments which were imposed upon the property, in the Farmers' Loan & Trust Company to abide the further order of the court. All other questions except that of sale were by the decree reserved until the coming in of the report, when they might be determined. Prior to the bringing of the action at bar to trial in order that a final decree might be entered, the case of *Chester* v. *Jumel*, 5 N. Y. Supp. 809, had been decided, by which the rights and interests of all the parties in the premises in question were adjudicated and determined, except, perhaps, those of the plaintiff Holt, who, as already stated, was not a party to that action. It appeared during the progress of the trial of this action that subsequent to the commencement of the action of *Chester* v. *Jumel* the plaintiff Tauziede—a defendant in said action of *Chester* v. *Jumel*—executed a conveyance to the plaintiff Holt of interests in the premises in question. Upon the trial of the action now at bar certain of the defendants offered in evidence the judgment roll in the case of *Chester* v. *Jumel*, and the counsel to the plaintiff objected to the judgment being received in evidence upon the grounds—*First*, that it was immaterial, and irrelevant; *second*, that the plaintiff Holt was not a party to the action in which such judgment was recovered; and, *third*, that the plaintiff's interest was acquired prior to the recovery of said judgment and could not be affected thereby. Certain other defendants objected to the judgment roll upon the same grounds; the objection was overruled, and the appellants excepted. Upon this evidence the court found as matter of fact that the judgment in the case of *Chester* v. *Jumel* was binding upon all the parties to this action. An exception was taken to this finding; and these exceptions bring up the main question of law which is to be considered. It is clear that the judgment roll was not inadmissible simply because the plaintiff Holt was not a party to the Chester litigation. Conceding that it was necessary that the complaint should have been filed in order to operate as a *lis pendens* against the parties to the action, and that the Chester judgment was not binding upon Holt because of the failure to file the complaint until the entry of the judgment; yet the judgment was binding upon all the other parties to this action, and they could not litigate the same questions over again which had been determined in the case of *Chester* v. *Jumel*. It would therefore appear that there was no error in admitting the judgment roll in evidence, even though the court may have erred in giving it a more extensive operation than the facts warranted. And it may be doubtful whether this court has the power even to review this finding of the learned court, because the case does not contain all the evidence. *Non constat* that there may have been evidence in the case by which it was shown that the plaintiff Holt was bound by this judgment, although he was not a party. But, without taking this point, we think that the principles laid down by the court of appeals in the case of *Chester* v. *Jumel*, (26 N. E. Rep. 297,) are conclusive upon the plaintiff Holt, even though they are to be considered as *res nova* upon this appeal. It is true that in the disposition by the court of appeals of the case of *Chester* v. *Jumel* the court seems to make a point that the object and intention of the trust, and the respective interests of the various claimants in such fund, had been found by the referee, namely, that the fund had been created for the express benefit of the Jumels, De Chambrun, and his lawful assignees; and that its distribution was to be controlled by the terms of the trust as manifested in its creation; and that the finding of the learned court in the case at bar is not as broad as that contained in the case of *Chester* v. *Jumel*, the finding being that the premises were conveyed to John Elliot as trustee for the Jumel heirs, no mention being made of De Chambrun or his assignees. But it appears that De Chambrun was a mortgagee of the Jumel heirs; and that

they had given him a lien and a mortgage upon all the property to which the rights of the Jumel heirs should be established to the amount of 47½ per cent. They bound themselves to pay 47½ per cent. of all the gross sums which he should recover for the Jumel heirs, and this agreement has been held to be a valid and subsisting agreement. It appears that upon the original sale of these premises the Jumel heirs virtually became purchasers to the extent of their shares and interests in the property recovered, and conveyances were made to the defendant Elliot as trustee in their behalf. The rights of De Chambrun necessarily attached to this property, which had been placed in the hands of the defendant Elliot as trustee for the Jumel heirs. It was the thing which had been recovered through the efforts of De Chambrun; and it was 47½ per cent. of what should be recovered that De Chambrun was to receive. It is clear that Elliot held this property for the benefit of the Jumel heirs, and the parties who had liens upon the interest of the Jumel heirs in the estate which had been sold. The conclusion of law of the learned judge who tried the case at bar finds that such were the rights of the parties; and, although he does not find the trust in the broad terms employed in the *Chester Case*, yet the evidence in the case in reference to the transactions of these parties would have justified such a finding, and, where such is the case, if it is necessary to support the judgment, the court upon appeal would make the finding, especially as it is clear from the conclusions of law that it was the supposition of the learned court that such a finding had been made. *Marvin* v. *Mining Co.*, 55 N. Y. 547. It seems to us clear, therefore, that the judgment which has been rendered in the case at bar cannot be disturbed, even though the decision in the case of *Chester* v. *Jumel* is not to be considered as binding upon the plaintiff Holt. This conclusion makes it unnecessary to consider the points raised by the appellant Cesner. The judgment appealed from should be affirmed, with costs to the respondents against the plaintiff appellants.