### BUTTERLY v. DEERING et al.

(Supreme Court, Appellate Division, Second Department. March 10, 1905.)

1. RES JUDICATA—PARTIES CONCLUDED—PRIVIES.

Assignees of rights under an alleged contract are in privity with their assignor, and are bound by the results of an action brought by him to enforce the contract, in which the issue litigated is that of the existence of the contract.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1206.]

2. ACTIONS—NATURE—FORM.

An action to recover on a contract, in which the issue raised is the existence of the contract, is purely an action at law, which defendant is entitled to have tried by a jury, and which cannot be changed into a suit in equity, against defendant's objection, by a mere assignment by plaintiff of interests in his claim under the alleged contract, and making the assignees parties defendant.

Appeal from Special Term.

Action by James N. Butterly against James A. Deering, Charlotte L. Chase, and Clark B. Augustine. From an order striking out the names of defendants Chase and Augustine, and changing the form of the complaint from one in equity to one at law, plaintiff and defendants Chase and Augustine appeal. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Frank Moss, for appellant Butterly.
Edwin G. Davis, for appellant Chase.
Clark B. Augustine, in pro. per.
James L. Deering (Clarence L. Barber, on the brief), for respondent.

WOODWARD, J. The learned court at Special Term, in a memorandum, holds that the defendants' motion to strike out the names of certain defendants, and to change the form of the complaint from one

in equity to one at law, should be granted, and the order entered upon this decision should be affirmed. James N. Butterly, the plaintiff, was a clerk in defendant Deering's law office, and appears to have been engaged in securing clients for a special line of work. He claims that on or about the 1st of January, 1897, an agreement was entered into for an increase of his salary from $1,000 per year to $2,000, with a commission of one-sixth of the amounts to be received from time to time by Mr. Deering from clients on retainers procured by the plaintiff. Mr. Deering denies that any such contract was made, and the action as between the plaintiff and Mr. Deering is clearly an action at law, in which the principal question, aside from a mere computation, is the existence of the contract alleged. It appears that some time previous the plaintiff commenced an action upon this same claim against Mr. Deering, which the defendant succeeded in having referred on the ground that it involved a long accounting. The plaintiff then withdrew that action, and assigned certain portions of the claim to the defendants Chase and Augustine, whom he has brought in as defendants, and now claims the right to equitable cognizance because of the interests of these defendants. The defendant Deering moves to strike out the names of these defendants, and to conform the pleadings to a simple action at law, and this motion has been granted; the plaintiff and defendants other than Deering appealing.

The question presented is whether the plaintiff, by an assignment of interests in his claim, can deprive the defendant of his right to a jury trial of what is obviously but an action at law. His complaint shows no equities to be conserved—certainly no equities on the part of the plaintiff, who relies upon his contract, and who clearly has a full and adequate remedy at law. If the question is litigated between the plaintiff and the defendant Deering, it will establish whether the alleged contract between the parties has an existence, and, as the other defendants claim under the provisions of this alleged contract, they are privies to the plaintiff in this action, and will be bound by the results of the litigation. Wells on Res Adjudicata & Stare Decisis, §§ 5, 26; Williams v. Barkley, 165 N. Y. 48, 58, 58 N. E. 765, and authorities there cited. The suggestion, therefore, that the other defendants have any equitable interest in this litigation, which they are liable to lose if an action at law is maintained, is without force. Their rights as assignees under the plaintiff depend upon the existence of the contract alleged. If that contract is once judicially established as existing, that fact is no longer in controversy as between the defendant Deering and any one claiming under assignments from the plaintiff. The plaintiff in this action has a claim against the defendant Deering for what may be due to him under the alleged contract; the other defendants have a like claim for the amount which may be due to them under their assignments from the plaintiff; and there is no reason why the character of this action should be changed to one of equity, where there are no equitable rights to be preserved, and where each and every person appears to be fully protected in an action at law. There is no reason to presume, if the defendant Deering fails to establish his defense, that he will compel the other defendants to litigate their claims; and as all of the rights of the plaintiff may be secured in an action in which the

other defendants are not present, and none of their rights can be prejudiced, the order appealed from, which appears to be in full harmony with the established practice in this state, should not be disturbed.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.