JAMES N. BUTTERLY, Appellant, *v.* JAMES A. DEERING, Respondent, Impleaded with CHARLOTTE L. CHASE and CLARK B. AUGUSTINE, Appellants.

*Action at law upon contract — the plaintiff cannot, upon assigning interests in his claim to third persons, discontinue the action at law and bring an action in equity making such third persons parties defendant — the interests of such third persons can be determined by the judgment in the action at law.*

One Butterly, who was a clerk in the law office of one Deering, and who was engaged in securing clients for Deering, brought an action at law against the latter to enforce a contract which he claimed had been entered into between himself and Deering by which he was to receive a salary of $2,000 per year

with a commission of one-sixth of the amounts received by Deering from clients procured by Butterly. Deering, who denied the execution of the alleged contract, succeeded in having the action referred on the ground that it involved a long account. Butterly then discontinued the action and assigned portions of his claim to parties named Chase and Augustine. He then brought an action against Deering, making Chase and Augustine parties defendants. This action was framed in equity because of the interests of Chase and Augustine.

*Held,* that the Special Term properly granted a motion made by the defendant Deering to strike out the names of the defendants Chase and Augustine, and to change the form of the complaint from a suit in equity to an action at law;

That the rights of all parties would be fully protected in an action at law, and that as the defendants Chase and Augustine were privies of the plaintiff, they would be bound by the results of such an action.

APPEAL by the plaintiff, James N. Butterly, and by the defendants, Charlotte L. Chase and another, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of November, 1904, striking out the names of the defendants Chase and Augustine and changing the form of the complaint from one in a suit in equity to one in an action at law, and also denying the plaintiff's motion for a reargument.

*Frank Moss,* for the appellant Butterly.

*Edwin G. Davis,* for the appellant Chase.

*Clark B. Augustine,* appellant, in person.

*James A. Deering* [*Clarence L. Barber* with him on the brief], for the respondent.

WOODWARD, J. :

The learned court at Special Term, in a memorandum, holds that the defendant Deering's motion to strike out the names of certain defendants and to change the form of the complaint from one in equity to one at law should be granted, and the order entered upon this decision should be affirmed. James N. Butterly, the plaintiff, was a clerk in defendant's Deering's law office, and appears to have been engaged in securing clients for a special line of work. He claims that on or about the 1st of January, 1897, an agreement was entered into for an increase of his salary from $1,000 per year to $2,000, with a commission of one-sixth of the amounts to be received from

time to time by Mr. Deering from clients on retainers procured by
the plaintiff. Mr. Deering denies that any such contract was made,
and the action as between the plaintiff and Mr. Deering is clearly
an action at law, in which the principal question, aside from a mere
computation, is the existence of the contract alleged. It appears
that some time previous the plaintiff commenced an action upon
this same claim against Mr. Deering, which the defendant succeeded
in having referred on the ground that it involved a long account-
ing. The plaintiff then withdrew that action and assigned certain
portions of the claim to the defendants Chase and Augustine, whom
he has brought in as defendants, and now claims the right to equita-
ble cognizance because of the interests of these defendants. The
defendant Deering moves to strike out the names of these defend-
ants and to conform the pleadings to a simple action at law, and
this motion has been granted, the plaintiff and defendants other
than Deering appealing.

The question presented is whether the plaintiff, by an assignment
of interests in his claim, can deprive the defendant Deering of his
right to a jury trial of what is obviously but an action at law. His
complaint shows no equities to be conserved ; certainly no equities
on the part of the plaintiff, who relies upon his contract, and who
clearly has a full and adequate remedy at law. · If the question is
litigated between the plaintiff and the defendant Deering, it will
establish whether the alleged contract between the parties has an
existence, and as the other defendants claim under the provisions of
this alleged contract, they are privies to the plaintiff in this action,
and will be bound by the results of the litigation. (Wells Res Adj.
§§ 5, 26; *Williams* v. *Barkley,* 165 N. Y. 48, 58, and authorities
there cited.) The suggestion, therefore, that the other defendants
have any equitable interest in this litigation which they are liable to
lose if an action at law is maintained, is without force. Their rights
as assignees under the plaintiff depend upon the existence of the
contract alleged. If that contract is once judicially established as
existing, that fact is no longer in controversy as between the defend-
ant Deering and any one claiming under assignments from the plain-
tiff. The plaintiff in this action has a claim against the defendant
Deering for what may be due to him under the alleged contract;
the other defendants have a like claim for the amount which may

be due to them under their assignments from the plaintiff; and there is no reason why the character of this action should be changed to one of equity, where there are no equitable rights to be preserved, and where each and every person appears to be fully protected in an action at law. There is no reason to presume, if the defendant Deering fails to establish his defense, that he will compel the other defendants to litigate their claims, and as all of the rights of the plaintiff may be secured in an action in which the other defendants are not present, and none of their rights can be prejudiced, the order appealed from, which appears to be in full harmony with the established practice in this State, should not be disturbed.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARTLETT, JENKS, RICH and MILLER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.