KAHN v. RICHARD L. WALSH CO.

(Supreme Court, Appellate Term.    May 4, 1911.)

1. JUDGMENT (§ 683*)—CONCLUSIVENESS—PERSONS CONCLUDED—PRIVIES—ASSIGNOR AND ASSIGNEE.

A claim arising out of a contract was assigned to plaintiff, and subsequent to the assignment and without notice thereof the defendant in this suit instituted an action against plaintiff's assignor, and the question of the claim set up in this suit was in that action adjudicated in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

favor of the defendant in this suit. *Held*, that the estoppel of judgment which binds privies applies only to an event arising after the event out of which the estoppel arises, and that therefore plaintiff was not concluded by the former judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1206; Dec. Dig. § 683.*]

2. JUDGMENT (§ 678*)—CONCLUSIVENESS—PERSONS CONCLUDED—"PRIVIES."

"Privies," in such sense that they are bound by a judgment, are those who acquired interest in the subject-matter after the rendition of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1195–1199; Dec. Dig. § 678.*

For other definitions, see Words and Phrases, vol. 6, pp. 5606–5611; vol. 8, p. 7764.]

Appeal from City Court of New York, Special Term.

Action by Harry Kahn against the Richard L. Walsh Company. From an interlocutory judgment of the City Court of the City of New York, sustaining a demurrer to the defendant's supplemental answer, on the ground that such answer was insufficient in law on the face thereof, the defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Hitchings & Palliser (Douglas B. Green, of counsel), for appellant.
Meyer Greenberg (Henry Greenberg, of counsel), for respondent.

GERARD, J. Plaintiff sues as assignee of an alleged claim of Coleman and Krause against the defendant. The complaint alleges that Coleman and Krause entered into a contract with defendant agreeing to perform certain work and furnish certain materials; that defendant broke said contract, and Coleman and Krause suffered damages; that they assigned their claim to plaintiff.

[1] This action was commenced by the service of a summons and complaint in August, 1909. The supplemental answer sets up that a judgment was entered March 28, 1910, in an action commenced in September, 1909, in which defendant was plaintiff and Coleman and Krause were defendants; that the question of the breach of the contract set up in this suit was adjudicated in that suit, and that the defendant in that suit succeeded; and that, therefore, the matters in suit are res adjudicata. It will be noted that the second suit was commenced after the defendant here, by the service of a summons and complaint in this action, had actual notice of assignment to plaintiff. The question is whether a party to a contract, after notice of the assignment of a claim against him and suit brought thereon, can bind the assignee by suing the other parties to the contract (the assignors), and thus deprive the assignee of his day in court. The estoppel or bar claimed here arises from the judgment. But no person ought to be bound by a judgment to which he is not a party. The rule that estoppels bind parties and privies applies only to an event arising *after the event* out of which the estoppel arises. Masten v. Olcott, 101 N. Y. 161, 4 N. E. 274; Mitchell v. Einstein, 105 App. Div., at page 421, 94 N. Y. Supp. 210.

[2] Black on Judgments, referring to persons bound as privies to parties bound by judgments, says:

"In the second place, privies, in such sense that they are bound by the judgment, are those who acquired interest in the subject-matter after the rendition of the judgment."

Plaintiff is not concluded by the judgment pleaded, and the judgment appealed from is affirmed, with costs. All concur.