## Nernst Lamp Company *v.* Hill, Appellant.

*Contracts—Defenses—Set-off—Evidence—Res adjudicata.*

1. The true test for ascertaining whether a final determination in a former action is a bar, or not, to a subsequent action, is whether the evidence to support both is the same.

2. The rule that what has once been judicially determined shall not again be made the subject of litigation, extends to every question in the proceeding that was legally cognizable.

3. In an action of assumpsit to recover on a book account for goods sold and delivered, the defendant will not be permitted to set up by way of set-off a claim for certain discounts alleged to have accrued under a prior contract between the parties, where it appears that the subject matter of the claim advanced by way of set-off had been passed upon adversely to the defendants' contention by arbitrators, to whom the same question had been submitted, in a previous proceeding brought by the present defendants against the plaintiff, under an agreement that such award should be final.

Argued Nov. 1, 1913. Appeal, No. 228, Oct. T., 1913, by defendants, from judgment of C. P. Allegheny Co., April T., 1909, No. 892, on directed verdict for plaintiff in case of Nernst Lamp Company v. C. P. Hill and G. Brown Hill, trading as Doubleday-Hill Electric Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a book account. Before REED, J.

The opinion of the Supreme Court states the case.

The court directed a verdict for plaintiff for $2,424.80, upon which judgment was entered. Defendants appealed.

*Error assigned,* among others, was in giving binding instructions for the plaintiff.

*George E. Reynolds,* with him *Louis Caplan,* and *H. D. Montgomery,* for appellant.—The prior suit and arbitrator's award were not a final adjudication which will preclude defendants from claiming payment by having credited upon the account the discounts earned under the prior claim between the parties: Finley v. Hanbest, 30 Pa. 190; Milligan v. Browarsky, 147 Pa. 155; Susquehanna Mut. Fire Ins. Co. v. Mardorf, 152 Pa. 22; Simon's Est., 20 Pa. Superior Ct. 450.

*Richard H. Hawkins,* of *Dalzell, Fisher & Hawkins,* for appellee.—The counter claim made by the defendants was made in another proceeding which was finally adjudicated in favor of the Lamp Company: Wilcox & Gibbs Sewing Machine Co. v. Ewing, 141 U. S. 627; Fay Gas Fixture Co. v. Welsbach Light Co., 189 Pa. 20; Kenderdine Hydro-Carbon Fuel Co. v. Plumb, 182 Pa. 463; Buzby v. Buzby, 13 Pa. D. R. 587; Stier v. Imperial Life Insurance Co., 58 Fed. Repr. 843.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The action was in assumpsit to recover a book account for goods sold and delivered. Under binding instructions a verdict was recovered in favor of the plaintiff for the sum of $2,424.80. Motions for a new trial and for judgment non obstante were overruled, and judgment was accordingly entered on the verdict. This appeal follows. The reasons on which the learned trial judge based his conclusions are very clearly set out in the opinion filed.

That the goods claimed for had been sold and delivered was not disputed; nor was any exception taken to the prices charged. The only matter in controversy was a claim for commissions amounting to $2,723.23, which the defendant urged as a set-off to plaintiff's demand.

Beginning in September, 1892, the defendant company, then engaged in selling general electric supplies, purchased largely from the plaintiff company a particular lamp manufactured by it, and other supplies of like character, on the understanding and agreement that it was to receive certain discounts on its purchases, such discounts to be computed on the total purchase price of goods furnished during the year, the amount thereof to be credited to appellant's account at the expiration of the year, and applied as payment on account of goods subsequently purchased. In July, 1903, the plaintiff company gave notice of its intention to cancel the agreement and terminate it 28th of August following. On September 1, 1903, a new contract was entered into between the parties containing terms of discount; and defendant, in order to secure the cash discount provided for under the new contract, made cash payments thereafter on all invoices of goods. This contract remained in force until February, 1904, when it also was terminated by plaintiff. During the period from 1st September, 1903, to February, 1904, plaintiff did not credit defendant with any portion of said sum of $2,723.23, and by terminating its contract prevented the defendant from applying the discounts it was entitled to. By so doing it made it impossible for the defendant to get the benefit of them on subsequent purchases. Such was the claim advanced by way of set-off. It was objected to on the ground that it was res judicata; and the plaintiff offered in evidence the record of a suit brought by the defendant three years before against this plaintiff. Confining this record to just what the appellant admits that it shows, it made an end of defendant's claim. In the brief of argument submitted on appellant's behalf, this appears:

"After appellee had by its cancellation of this last contract made it impossible for appellants to recover said sum of $2,723.23 as credit on future purchases, appellant brought an action of assumpsit against the

Nernst Lamp Company, No. 543, January Term, 1906, in the Court of Common Pleas No. 2, of Allegheny County, Pa., to recover said sum from said company in cash. The matter was referred to a board of arbitrators which made an award against the Doubleday-Hill Electric Company, the plaintiff, and stated that said plaintiffs had 'no cause of action.' The subject matter of this prior litigation which resulted in this award was a cash claim which these appellants were asserting against the appellee. There was no appeal possible from the award of the arbitrators, as the case had been submitted on an agreement that the award should be final. Appellee subsequently filed the suit in this present case to recover the sum of $1,570 alleged to be due as a balance upon the account between the appellee and the appellant."

The legal effect of what is here admitted to be shown by the record is too obvious to call for discussion. The distinction attempted to be made between the subject matter of the first action and that which appellants attempted to introduce on this, may be ingenious, but it is wholly without convincing force. The true test by which we are to ascertain whether a final determination in a former action is a bar, or not, to a subsequent action, is whether the evidence to support both is the same: Marsh v. Pier, 4 Rawle 273. What appellant sought to recover in its action against the defendant was the commissions which it claimed it was entitled to under the very same contract upon which it now bases its claim of set-off. Precisely the same evidence would be required for the support of either demand, whether made in a direct action against the appellee or by way of set-off in an action brought by appellee. A recovery in the action brought by appellant would have settled the entire controversy as to the commissions claimed. Why should not adverse judgment in that action have like effect? The rule that what has once been judicially determined shall not again be made the subject of litigation, extends to every question in the proceeding that

was legally cognizable: Lancaster v. Frescoln, 192 Pa. 452. In overruling the motion for judgment n. o. v., the learned trial judge states the whole case as follows:

"It is argued that plaintiff here had deprived defendants of the opportunity of purchasing more goods (by ending the contract) and thus preventing the earned discounts from being set off against future purchases. But, if that be a reason why defendants may now set-off their claim, it was an equally good one why they should have recovered in their action. All their rights to the claim for discounts were staked on the result of that case, and they must accept the result of the judgment entered against them."

It is unnecessary to consider the other questions raised on this appeal. The fact that the plaintiff's claim had once been the subject of litigation and judicial determination is conclusive of the case.

Judgment affirmed.