In the Matter of CHENEY BROTHERS, Appellant, against
JOROCO DRESSES, INC., Respondent.

**Arbitration — academic question as to whether arbitration could be compelled to determine question of fraud.**

Where upon application for an order to proceed to arbitration it appears that all disputes between the parties arise from valid contracts entered into by them and are arbitrable under the terms thereof and no fraud has been shown, the question whether arbitration could be compelled to determine an issue as to the procurement of a contract by fraud is not presented and will not be determined.

*Matter of Cheney Brothers* v. *Joroco Dresses, Inc.*, 218 App. Div. 652, reversed.

(Argued May 3, 1927; decided May 31, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1926, which reversed an order of Special Term granting a motion to compel the respondent herein to proceed to arbitration and denied said motion.

*Robert P. Levis* for appellant. The agreement to arbitrate contained in the contracts between Cheney Brothers and Joroco Dresses, Inc., is enforcible. (*Matter of Silk Importing Co.*, 200 App. Div. 786; 234 N. Y. 513; *Matter of Kelley*, 240 N. Y. 74; *Matter of Wenger* v. *Propper Silk Hosiery Mills*, 239 N. Y. 199.)

*Maurice Deiches, Edward J. Flynn* and *Elwood G. Feldstein* for respondent. Cheney Brothers never intended to carry out their agreement. (*Adams* v. *Gillig*, 199 N. Y. 314; *Ritzwoller* v. *Lurie*, 225 N. Y. 464; *Deyo* v. *Hudson*, 225 N. Y. 602; *Adams* v. *Clark*, 239 N. Y. 403.)

*Edwin L. Garvin, Charles Burlingham, Kenneth Dayton* and *Julius Henry Cohen*, amici curiæ. A respondent to a petition for an order directing arbitration to proceed,

who denies the making of the contract, should set forth in his answer facts *prima facie* establishing his defense. Failing this, he is not entitled to a trial of the issue. (*Abdun-Nur* v. *Arbeed*, 198 App. Div. 795; *Hart* v. *Page Manufacturing Co.*, 187 App. Div. 296; *Makepeace* v. *Dilltown Smokeless Coal Co.*, 179 App. Div. 662; *Calmon Asbestos & R. Works* v. *Asbestund-Gummiewerke*, 141 App. Div. 198; *Brass* v. *Rathbone*, 153 N. Y. 435; *Gambrill Manufacturing Co.* v. *American Foreign Banking Corp.*, 194 App. Div. 425; *Golub* v. *Baruchim*, 203 App. Div. 620; *Boyle* v. *Semenoff*, 201 App. Div. 426; *O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386; *General Investment Co.* v. *Interborough Rapid Transit Co.*, 235 N. Y. 133; *Dwan* v. *Massarene*, 199 App. Div. 872; *Dolgoff* v. *Schnitzer*, 209 App. Div. 511.)

*Per Curiam.* The restrictions upon customers, forbidding their using the Cheney Brothers name in resales, promised to be imposed by the petitioner, according to the uncontradicted proof, had reference to 40-inch printed radium cloth and none other. In all contracts made by the petitioner for the sale of such fabrics the restrictions promised were invariably imposed. No restrictions, as to resales of 36-inch printed Rivulay or 40-inch printed satin crepe, were imposed in the contracts made for the sales thereof. It is undisputed, however, that 40-inch printed radium cloth is a wholly different fabric from 36-inch printed Rivulay, or 40-inch printed satin crepe. Therefore, there is no proof that the petitioner made promises as to restrictions which it did not keep or intended from the outset not to keep. No fraud in procuring the contracts with respondent, therefore, was shown. It is undisputed that the contracts were made. Therefore, all disputes between the parties arise from valid contracts entered into by them. They are, therefore, arbitrable under the terms of the contracts. The question whether arbitration could be compelled to

determine an issue made as to the procurement of a contract by fraud is, therefore, not before us and will not now be determined.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.