MORRIS SADOF, Respondent, *v.* SAMUEL TANNENBAUM, Appellant, Impleaded with JOSEPH T. HIGGINS, Sheriff of the County of New York, Defendant.

First Department, May 28, 1937.

*Albert H. Tannenbaum* of counsel [*Leo Pollack*, attorney], for the appellant.

*Edward Weinfeld*, for the respondent.

CALLAHAN, J. Plaintiff sold a drug store to defendant Samuel Tannenbaum. The defendant asserted that he had been induced to make the purchase by fraudulent representations. In order to settle their dispute, the parties entered into a written agreement for arbitration. The arbitrators rendered an award in favor of the defendant for money damages, specifically finding the essential elements of fraud in connection with the sale. Judgment having been entered on such award, plaintiff filed a voluntary petition in bankruptcy and was granted a discharge. Plaintiff thereupon

commenced this action to enjoin the defendant from enforcing the judgment.

The basis of plaintiff's complaint is that the submission to arbitration superseded defendant's common-law remedies, and the judgment entered on the arbitration award was discharged in bankruptcy.

A judgment obtained in a common-law action for fraud, or for obtaining property by false pretenses, is not discharged in bankruptcy. (Bankruptcy Act of 1898, § 17 [U. S. Code, tit. 11, § 35].) We see no reason why this judgment should be less effective. Though entered on the award of arbitrators, the foundation of the award was a claim of fraud, which has been upheld. Section 1463 of the Civil Practice Act provides that a judgment entered on an award in arbitration has the same force and effect in all respects and may be enforced as if it had been rendered in an action in the court in which it has been entered.

In *Jacobowitz* v. *Herson* (268 N. Y. 130, at p. 136), the Court of Appeals said: " We see no reason at this advanced stage of arbitration proceedings for treating the judgments entered upon the award of the arbitrators in any different way than judgments in actions are dealt with."

We hold that the judgment, the enforcement of which is sought to be restrained herein, was not discharged by the bankruptcy proceedings.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.