In the Matter of the Arbitration between HENRY BEHRENS, Petitioner, and GERTRUD FEURRING et al., Respondents.

Supreme Court, Special Term, New York County, June 17, 1944.

*Pfeiffer & Crames* for respondents.

*Proskauer, Rose, Goetz & Mendelsohn* for petitioner.

STEUER, J. The objection to the confirmation of the award of the arbitrators is in great part based on the contention that they exceeded their powers or mistook the matters they were designated to arbitrate. It appears that the demand for arbitration was resisted on the ground that the contract was induced by fraud, but arbitration was nevertheless ordered, and the order affirmed (see 266 App. Div. 727). The arbitration clause provides: "All disputes which may arise between the two parties regarding the application or interpretation of this agreement and of the legal relations connected therewith, which shall not be settled by way of amicable agreement, shall, to the exclusion of any court of law, be arbitrated with final effect by a board of arbitration consisting of three persons."

The evidence on behalf of the respondents before the arbitrators was directed to showing fraud of the petitioner in inducing the contract. The arbitrators found in respondents' favor. Petitioner claims that the arbitrators were precluded from so deciding because the court had already found that a valid contract existed. This contention is not sound. While the agreement to arbitrate being valid would necessarily import to a court the existence of a valid contract, it does not necessarily bar further inquiry by arbitrators. That depends on the terms of the arbitration agreement. Here the arbitrators were expressly empowered to consider the "application" of the agreement, that is, whether and to what extent it was to apply. The parties were entirely competent to make such an agreement (*Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284). The fact that the arbitrators reached a conclusion different from that to be arrived at by adherence to the accepted rules of law is of no consequence.

Several technical objections are raised by petitioner. These have been considered but not sustained.

Motion to confirm award granted, cross motion denied.