In the Matter of the Arbitration between HENRY BEHRENS, Appellant, and GERTRUD FEUERRING et al., Respondents.

Argued October 16, 1946; decided January 17, 1947.

*William J. Block* for appellant. I. The arbitrators had no power to consider the validity or enforcibility of the contract. Questions of the existence and enforcibility of the contract were not within the scope of the controversy before the arbitrators. (*Matter of Aqua Mfg. Co.* v. *Warshaw & Sons, Inc.,*

179 Misc. 949, 266 App. Div. 718, 290 N. Y. 929; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Kulukundis Shipping Co.* v. *Amtorg Trading Corp.*, 126 F. 2d 978.) II. As a matter of law, arbitrators have no power or jurisdiction to consider the question of the existence or validity of the contract from which they derive their powers. *(Dodds* v. *Hakes*, 114 N. Y. 260; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Matter of Sheffield Farms*, 264 App. Div. 843; *Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244; *Jones* v. *Welwood*, 71 N. Y. 208; *Hoffman* v. *Greenberg Co.*, 109 Misc. 170; *Matter of General Silk Importing Co.*, 200 App. Div. 786, 234 N. Y. 513; *Halstead* v. *Seaman*, 82 N. Y. 27; *Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76; *Matter of Kramer & Uchitelle, Inc.*, 288 N. Y. 467; *Matter of Gruen [Carter]*, 173 Misc. 765, 259 App. Div. 712; *Matter of Metro-Goldwyn-Mayer*, 150 Misc. 408, 242 App. Div. 674.) III. The agreement and stipulation of the parties deprived the arbitrators of jurisdiction over the question of the validity or enforcibility of the contract. *(Morse* v. *Morse Dry Dock & Repair Co.*, 249 App. Div. 764; *Faruolo* v. *Faruolo*, 253 App. Div. 750; *Dodds* v. *Hakes*, 114 N. Y. 260; *Halstead* v. *Seaman*, 82 N. Y. 27; *Matter of Marchant* v. *Mead-Morrision Mfg. Co.*, 252 N. Y. 284; *Matter of Sheffield Farms Co.*, 264 App. Div. 843.) IV. The arbitrators exceeded their powers, made a determination that was beyond the scope of the submitted controversy, and failed to decide the controversy submitted. *(Dodds* v. *Hakes*, 114 N. Y. 260; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Matter of Sheffield Farms Co.*, 264 App. Div. 843; *Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244; *Jones* v. *Welwood*, 71 N. Y. 208; *Herbst* v. *Hagenaers*, 137 N. Y. 290; *Hoffman* v. *Greenberg Co.*, 109 Misc. 170; *Matter of General Silk Importing Co., Inc.*, 200 App. Div. 786, 234 N. Y. 513; *Halstead* v. *Seaman*, 82 N. Y. 27.) V. The misconduct, bias and partiality of one of the arbitrators requires that the award be vacated. Thereby the arbitrators became *functus officio* and lost jurisdiction over the proceedings. *(Matter of American Eagle Fire Ins. Co.* v. *New Jersey Ins. Co.*, 240 N. Y. 398; *Jacobowitz* v. *Herson*, 268 N. Y. 130; *Matter of Knickerbocker Textile Corp.* v. *Sheila-Lynn, Inc.*, 172 Misc. 1015; *Matter of Eitingon*, 248 App. Div.

700; *Matter of Shirley Silk Co.* v. *American Silk Mills,* 257 App. Div. 375.)

*Alexander Pfeiffer* for respondents. I. The entire controversy and dispute of the parties having been submitted to arbitration, in accordance with their agreement for final decision by the arbitrators and in view of the unanimous affirmance below, the Court of Appeals will not review the award. It could not be set aside even if there were errors both of fact and of law. (*Matter of Bolton,* 295 N. Y. 734; *Moore* v. *Eadie,* 245 N. Y. 166; *Matter of Burke,* 191 N. Y. 437; *Matter of Wilkins,* 169 N. Y. 494; *Matter of Delma Engineering Corp.* [*Johnson Contr. Co.*], 267 App. Div. 410, 293 N. Y. 653; *Matter of Pine St. Realty Co., Inc.,* v. *Coutroulos,* 233 App. Div. 404; *Masury* v. *Whiton,* 111 N. Y. 679; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.,* 252 N. Y. 284; *Matter of Friedheim* [*International Paper Co.*], 265 App. Div. 601; *Sweet* v. *Morrison,* 116 N. Y. 19; *Itoh & Co., Ltd.,* v. *Boyer Oil Co., Inc.,* 198 App. Div. 881; *Berizzi Co., Inc.,* v. *Krausz,* 208 App. Div. 322; *Newburger* v. *American Surety Co.,* 242 N. Y. 134.) II. The arbitrators in their award merely found that the appellant had failed to sustain his claim for damages for breach of contract. They did not find that the agreement was fraudulently entered into. They could have done so under the broad provisions of the agreement, the order of submission to the arbitrators, and the settled law of this State. The defense of fraud may be set up, particularly in an arbitration to a claim of damages for the breach of the contract. (*Matter of Shirley Silk Co.* v. *American Silk Mills,* 257 App. Div. 375; *Sloima Snaider* [*Mano Hoffner Fur Corp.*], 269 App. Div. 271.) III. In view of the broad provisions of the agreement containing the arbitration clause and the order directing arbitration which required the arbitrators to determine any and all controversies, disputes and matters of difference which may have arisen among the parties under the agreement, the arbitrators had the right to pass upon the question of fraud in the inducement of the agreement. (*Matter of Kahn,* 284 N. Y. 515; *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76; *Delong* v. *Stanton,* 9 Johns 38; *Almacenes Fernandez S. A.* v. *Golodetz,* 148 F. 2d 625.) IV. There never was a stipulation, as claimed by appel-

lant, that the question of the validity or enforcibility of the agreement containing the arbitration clause because of fraud and frustration was not to be considered by the arbitrators. V. There was no evidence of misconduct on the part of one of the arbitrators. Appellant waived any such claim. The claim that respondents' counsel represented such arbitrator at the time of the arbitration is without any basis in fact. (*Matter of Newburger* v. *Rose,* 228 App. Div. 526, 254 N. Y. 546; *Matter of Knickerbocker Textile Corp.* v. *Sheila-Lynn, Inc.,* 172 Misc. 1015, 259 App. Div. 992; *Turner* v. *New York Central & H. R. R. Co.,* 168 App. Div. 359; *Matter of Bridgeman & Holtzman* v. *Gondek,* 235 App. Div. 129; *Matter of Tutein, Inc.,* v. *Hudson Valley Coke & Products Corp.,* 230 App. Div. 419; *Publishers' Assn.* v. *N. Y. Typographical Union No. 6,* 168 Misc. 267; *Proges* v. *United States Mortgage & Trust Co.,* 203 N. Y. 181.)

LOUGHRAN, Ch. J. By contract dated November 12, 1941, the parties fixed their respective interests in the assets of a Pennsylvania corporation and agreed that its business would be carried on by them as joint adventurers. Capital for the enterprise was to be supplied by the respondents. The appellant was to contribute technical skill and experience in management. Provision for arbitration was made in this text: " All disputes which may arise between the two parties regarding the application or interpretation of this agreement and of the legal relations connected therewith, which shall not be settled by way of amicable agreement, shall, to the exclusion of any court of law, be arbitrated with final effect by a board of arbitration consisting of three persons."

In December, 1941, the respondents wrote the appellant a letter repudiating the contract. In January, 1942, they refused a demand for arbitration of his claim of a breach of their commitment to him. In March, 1943, he obtained at Special Term an order directing the arbitrators to determine " any and all controversies, disputes and matters of difference which may have arisen among the parties under the said contract ". Upon appeal by the respondents to the Appellate Division, that order was affirmed. We then denied a motion for leave to appeal to this court.

At the Special Term and again on the hearing before the arbitrators, the respondents contended that the contract had been induced by fraud of the appellant and that performance on his part became an impossible thing when the United States entered the war, since he was a German refugee then residing here on a visitor's visa. A majority of the arbitrators made a report in this form: " The claim of Henry Behrens [the appellant] against Gertrud Feuerring and Alfred Schwabacher [the respondents] for damages for breach of contract is not sustained, and is disallowed." This determination was confirmed at Special Term by an order which the Appellate Division has affirmed and the case is now here by our leave.

In its recitals, the order for arbitration asserts that " the written agreement dated the 12th day of November, 1941, was duly signed and delivered and constitutes a valid and subsisting contract among the parties hereto ". The argument for the appellant takes that provision to be an adjudication in his favor upon the claims of fraud and disability which the respondents had made against him. From that viewpoint, the only question before the arbitrators was the amount of damages that were necessarily to be paid by the respondents for their repudiation of the contract. We cannot adopt that position.

The finding by the Special Term of the existence and validity of the agreement of November 12, 1941, was not a measure of the authority of the arbitrators. On the contrary, that finding was no more than a rejection by the court of an argument whereby the respondents had attacked the agreement of November 12, 1941, as a mere preliminary writing which was not meant to be binding until its terms were put into a more formal document. The extent of the powers of the arbitrators was fixed by the command of the court which called upon them to resolve " any and all controversies, disputes and matters of difference which may have arisen among the parties under the said contract ". Thereby the arbitrators were commissioned to say whether the respondents were let out of the contract when the war excluded performance thereof by the appellant — an issue which was clearly a dispute of the kind described in the above arbitration clause. (Cf. *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76.) For all we know, the

arbitrators did not take account of any other phase of the controversy.

But however that may be, the report of the arbitrators does not appear to be based upon any finding that the contract was induced by fraud on the part of the appellant. Hence we do not reach the question whether the issue as to such fraud was cognizable by the court on the motion to compel arbitration, rather than by the arbitrators (see *Matter of Cheney Bros.* v. *Joroco Dresses, Inc.,* 245 N. Y. 375; *Matter of Kahn [National City Bank],* 284 N. Y. 515, 523; *Boudin* v. *Clarren,* 289 N. Y. 724). In that state of the record there is no warrant for an inference of usurpation of power by them or other abuse of their office (cf. *Fudickar* v. *Guardian Mutual Life Ins. Co.,* 62 N. Y. 392, 403, 404; *Matter of Bolton,* 295 N. Y. 734).

The charges of bias made by the appellant against one of the arbitrators are not established as matter of law.

The judgment should be affirmed, with costs.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed. [See 297 N. Y. 472.]