**BEHRENS v. SKELLY et al.**

No. 9681.

United States Court of Appeals Third Circuit.

Argued Dec. 7, 1948.

Decided March 16, 1949.

Leonard M. S. Morris, of Pittsburgh, Pa. (Louis Caplan and Sachs & Caplan, all of Pittsburgh, Pa., on the brief), for appellant.

Leon E. Hickman, of Pittsburgh, Pa. (William K. Unverzagt and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

Henry Behrens, a resident of New York, instituted an action in the United States District Court for the Western District of Pennsylvania alleging that the defendants, Liggett Spring and Axle Company and Axelton Water Company, Pennsylvania corporations, and J. Scott Skelly, Charles E. Dexter, Jr., Marc J. Sandler and Clarence O. Devore, residents of Pennsylvania, conspired to defraud him of his interest in all the stock and indebtedness of the two above-named corporations hereinafter for convenience called the Liggett stock. He alleged that his rights grew out of a contract made with Gertrud Feuerring and Alfred Schwabacher, not named herein as defendants, under which he became entitled to all the Liggett stock, and he requested the court to order the defendants to transfer the stock to him. The defendants filed a motion for summary judgment raising the defense of res judicata, contending that the plaintiff's claim was barred by a judgment of a New York court entered upon an arbitration award disallowing his claim for damages for breach of the same contract upon which the plaintiff bases his present claim. The lower court sustained the motion and the plaintiff's action was dismissed. The present appeal followed.

The relevant portions of the contract which is here involved and the course of the arbitration proceedings are described in the opinion of the court below. D.C., 76 F.Supp. 75. Suffice it here to say that under the contract it was agreed that Behrens should (1) receive 10% of the Liggett stock, (2) have an option to purchase an additional 10% of the stock, and (3) have the first refusal of Feuerring's and Schwabacher's stock in the event they desired to sell it. The parties further agreed that all disputes which arose between them regarding the application or interpretation of the agreement and the legal relations connected therewith, which could not be settled amicably, should be arbitrated with final effect by a board of arbitration. Behrens received a letter repudiating this contract about one month after it was made. He requested arbitration, which was resisted by Feuerring and Schwabacher. On December 10, 1942 he filed a petition in the Supreme Court of New York for an order to compel arbitration. One month later, on January 14, 1943, Feuerring and Schwabacher transferred all the Liggett stock,

through a straw man, to the defendants and others. On March 1, 1943, the Supreme Court of New York ordered that the parties arbitrate their differences and the order was thereafter affirmed by the Appellate Division. Behrens v. Feuerring, 266 App. Div. 727, 41 N.Y.S.2d 925.

The arbitrators designated by the parties failed to choose an umpire. Behrens, therefore, in accordance with the court's order requested the American Arbitration Association to designate an umpire, which was done. In his letter of request to the American Arbitration Association Behrens set forth as his complaint the fact that he was refused (1) the 10% of the Liggett stock under his contract, (2) the additional 10% of the stock under his option, and (3) the balance of 80% of the stock which he contended he had the right to purchase upon the terms of its sale to a third party. He also complained of other breaches of the contract and of the mismanagement of the two corporations. He requested that the arbitrators award him the damages he had suffered as a result of these breaches of contract.

The arbitrators held extensive hearings, took voluminous testimony, and by a majority vote made the following award:

"We, * * * the undersigned, a majority of the Arbitrator(s), having been designated in accordance with the Arbitration Agreement entered into by the above named Parties, and dated November 12, 1941, and Court Order dated March 1, 1943, and having been duly sworn according to law, and having duly heard the proofs and allegations of the parties award(s) as follows:

"The Claim of Henry Behrens against Gertrud Feuerring and Alfred Schwabacher for damages for breach of contract is not sustained, and is disallowed."

The award was confirmed by the Supreme Court of New York and judgment was entered thereon, Behrens' cross-motion to vacate the award being denied. 182 Misc. 979, 49 N.Y.S.2d 753. This judgment was affirmed by the Appellate Division, 269 App.Div. 930, 58 N.Y.S.2d 216, and by the Court of Appeals 296 N.Y. 172, 71 N.E. 2d 454. A motion for reargument was denied by the latter court. 297 N.Y. 472, 74 N.E.2d 180.

Upon this appeal the plaintiff urges that the New York judgment does not bar his present suit. He argues that the present defendants are not in privity with Feuerring and Schwabacher, the defendants in the New York proceeding, and are not, therefore, entitled to rely upon the estoppel of the judgment which was rendered in favor of the defendants in that proceeding.

 In the present case jurisdiction is based on diversity of citizenship. We must, therefore, determine in accordance with the conflict rules of Pennsylvania what law is to be looked to for ascertaining whether the defendants are in privity with Feuerring and Schwabacher.[1] In Comment d to § 450 of the Restatement, Conflict of Laws, it is said: "The law of the state where a valid judgment is rendered determines who are in privity with the parties to the judgment." We are unable to find that this particular question has been presented to the Pennsylvania courts. We are of opinion, however, that the rule stated in the Restatement comment which we have quoted is the rule which the courts of that state would apply and that it accordingly may be regarded as representing the law of Pennsylvania on the subject. We must, therefore, investigate the law of New York to ascertain whether these defendants are to be deemed privies to the New York judgment upon which they now rely.

 Turning to the law of New York we find that the term "privity" denotes a mutual or successive relationship to the same property rights.[2] It can hardly be disputed that the defendants have succeeded, by virtue of the transfer of January 14, 1943, to the rights in the Liggett stock held prior thereto by Feuerring and Schwabacher, the parties to the New York judgment. The plaintiff contends, however,

---

[1] Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477.

[2] Mygatt v. Coe, 1891, 124 N.Y. 212, 26 N.E. 611, 613, 11 L.R.A. 646.

that these defendants may not be regarded, under New York law, as in privity with the parties to that judgment, since they acquired their rights by transfer from those parties prior to the entry of the judgment. We do not think that the law of New York supports this contention.

It is true that in some of the New York cases the statement is made that in order to establish privity the succession in interest must have occurred after the date of the rendition of the judgment which is sought to be relied on as an estoppel by or against the successors as privies.[3] But in those cases the question whether the date of commencement of the suit rather than the date of judgment was the legally significant date was not in focus. On the contrary, for all that appears, the suits which culminated in the judgments sought to be relied on as estoppels in those cases were themselves in each case begun after the succession in interest had taken place. That these cases did not distinguish the date of judgment from the date of commencement of suit is seen from the following statement of Judge Selden in Campbell v. Hall, 16 N.Y. 575, 581:

"It is plain, therefore, that as the mortgage to the defendant Hall was executed May 1, 1851, and the suits of Consalus v. Linn were not commenced until September thereafter, Hall cannot be concluded by that suit, whatever may have been its result or the nature of the proceedings therein."

In other cases, however, the New York courts have been faced with the question whether one who acquires an interest in property which is at the time in litigation between his assignor and a third party is bound as privy by the judgment subsequently rendered in the pending litigation. Their answer has been that those who acquire interests pendente lite in property in litigation are in privity with the litigant from whom they acquire the property and as such are bound by, or entitled to the benefit of, the judgment subsequently entered.[4] In so holding New York follows the general rule[5] which the Pennsylvania courts also follow.[6]

The plaintiff contends, however, that even under this rule the defendants are not privies to the New York judgment since they acquired their interests on January 14, 1943 and the arbitration proceeding which culminated in the judgment was not begun until November 5, 1943. The plaintiff argues that the proceeding begun by him December 10, 1942 in the Supreme Court of New York to compel Feuerring and Schwabacher to submit to arbitration was not a part of the arbitration proceeding within the meaning of the privity rule and therefore did not serve to bring that rule into play. He cites Marchant v. Mead-Morrison Mfg. Co., 1929, 252 N.Y. 284, 169 N.E. 386, as authority for this contention. But that case dealt with the question whether a proceeding to compel arbitration is a separable controversy for the purposes of review and did not consider the question now before us. We cannot agree with the plaintiff's contention. For the purpose of determining whether the defendants as assignees of Feuerring and Schwabacher were in privity with them with respect to the results of their litigation with this plaintiff we think that the litigation must be deemed to have commenced when the plaintiff invoked the aid of the New York court to compel arbitration.

Under the rule of privity one who purchases property after a suit has been begun against the vendor with respect to the property purchased is "chargeable with legal or constructive notice so as to render

---

[3] Campbell v. Hall, 1858, 16 N.Y. 575; Masten v. Olcott, 1886, 101 N.Y. 152, 4 N.E. 274; Kahn v. Richard L. Walsh Co., 1911, 72 Misc. 20, 129 N.Y.S. 137; Application of Commercial Casualty Ins. Co., 1939, 257 App.Div. 536, 13 N.Y.S.2d 754.

[4] Murray v. Ballou, 1815, 1 Johns. Ch., N.Y., 566; Douglass v. Howland, 1840, 24 Wend., N.Y., 35, 53; Tauziede v. Jumel, 1891, 60 Hun 583, 15 N.Y.S. 24; McGean v. Metropolitan El. Ry. Co., 1892, 133 N.Y. 9, 30 N.E. 647; Butterly v. Deering, 1905, 102 App.Div. 395, 92 N.Y.S. 675; Application of Commercial Casualty Ins. Co., 1939, 257 App.Div. 536, 13 N.Y.S.2d 754.

[5] Restatement, Judgments, § 89.

[6] Guzzi v. Delaware & Hudson Co., 1915, 61 Pa.Super. 48.

his purchase subject to the event of that suit"[7] even though he may have no actual knowledge of the suit. The theory is that when a controversy regarding property has been submitted for determination by judicial proceedings those who deal with the property thereafter ought to take subject to whatever that determination may be. The property owner whose rights have been put into litigation may not deny his opponent the fruits of victory by transferring the property to another pendente lite.[8]

■ We think that the preliminary proceeding in the New York court was clearly within the scope of the rule and that the courts of New York would so hold. That proceeding put all parties on notice that a controversy with respect to the property in question was being submitted for determination in an arbitration proceeding which might end in a judgment either for or against the defendants. Its purpose was to compel the defendants to submit to that proceeding and in this respect it was quite analogous to the issuance and service of process for appearance in an ordinary lawsuit. We conclude that under the law of New York the present defendants were in privity with Feuerring and Schwabacher with respect to the New York judgment.

Bigelow v. Old Dominion Copper Co., 1912, 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875, is not authority to the contrary. The rule of that case might be applicable if, although New York regarded these defendants as in privity with Feuerring and Schwabacher, Pennsylvania did not. In that situation a Pennsylvania court would not be required to give faith and credit to the New York judgment with respect to these Pennsylvania defendants if they were not within the jurisdiction of New York. But here, as we have seen, the Pennsylvania law is in agreement with New York in regarding the defendants as in privity with Feuerring and Schwabacher with respect to the New

York judgment. In Marsh v. Pier, 1833, 4 Rawle Pa., 273, 26 Am.Dec. 131, a case involving a legal situation very similar to the one which we are now considering, the Supreme Court of Pennsylvania gave the ultimate Pennsylvania purchaser of personal property the benefit of the estoppel of a New York judgment in favor of the original sellers. The principle of that case is controlling here.

■ We turn then to the plaintiff's next contention which is that the New York judgment has not been shown to be an adjudication of the merits of the controversy which is presented in the present case and accordingly does not bar this suit. We do not agree. We think, on the contrary, that the same cause of action is involved in both proceedings, even though the grounds of relief asserted may be different.[9] Thus the plaintiff in each proceeding bottoms his claim upon the proposition that Feuerring and Schwabacher denied him his contract right to receive 10% of the Liggett stock, to receive an additional 10% upon the exercise of his option, and to receive the balance by purchase upon the terms of the sale to these defendants, and instead transferred the stock to these defendants and others. It is true that in the New York proceeding he sought only damages for these breaches of the contract while in the present suit he seeks the transfer of the stock to himself in addition to damages. But the basic question in each proceeding is whether he has any enforceable rights to the stock in question under his contract with Feuerring and Schwabacher.[10] Thus each proceeding is based upon the same transaction, the contract between the plaintiff and Feuerring and Schwabacher and the failure of the latter to accord the former his alleged rights under it, and the evidence needed to sustain his present action would, therefore, have sustained an award in his favor in the New York arbitration proceeding. It follows under the law of

---

[7] Chancellor Kent in Murray v. Ballou, 1815, 1 Johns. Ch., N.Y., 566, 576.

[8] Murray v. Ballou, 1815, 1 Johns. Ch., N.Y., 566, 576; Murray v. Lylburn, 1817, 2 Johns. Ch., N.Y., 441, 445.

[9] See Miller v. National City Bank of New York, 2 Cir., 1948, 166 F.2d 723, 726, 727.

[10] Compare Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069, in which the court said: "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."

both New York and Pennsylvania that the judgment in the New York proceeding bars the present action.[11]

It is immaterial that the New York judgment was rendered upon an award of arbitrators rather than after a trial and verdict or findings in a judicial proceeding. For Section 1466 of the New York Civil Practice Act provides that a judgment entered in conformity with an order confirming an award " * * * has the same force and effect, in all respects as, and is subject to all the provisions of law relating to, a judgment in an action."[12] Moreover in both New York and Pennsylvania an award of arbitrators itself may constitute the basis for a plea of res judicata.[13]

■■ The plaintiff's final contention is that the New York judgment is not available to the defendants as a bar to the present action because they have failed to establish the grounds upon which the arbitrators based their decision. We are satisfied that the defendants have no such burden. The Court of Appeals has held that the arbitrators' award was a valid determination within their competence and the court's decision to that effect is final and binding on the parties to this action as party and privies to that one.[14] The issue presented to the arbitrators was whether the plaintiff had enforceable rights to the Liggett stock under the contract with Feuerring and Schwabacher which the latter had breached by their refusal to turn over the stock to the plaintiff and their transfer of it to these defendants and others. If the plaintiff did have such enforceable rights the breach of them by Feuerring and Schwabacher would entitle him under New York law to damages, even if only nominal in amount.[15] The decision of the arbitrators disallowing the plaintiff's claim for any damages at all was, therefore, necessarily an adjudication that he had no enforceable rights under the contract with Feuerring and Schwabacher which were breached by their refusal to transfer the stock to him and their transfer of it to these defendants. The decision was on the merits of the claim and it bars further litigation of the controversy by the parties and their privies, regardless of the grounds upon which the arbitrators came to their conclusion.

The judgment will be affirmed.

[11] Marsh v. Masterson, 1886, 101 N.Y. 401, 5 N.E. 59; Hull v. Hull, 1919, 225 N.Y. 342, 122 N.E. 252; Nernst Lamp Co. v. Hill, 1914, 243 Pa. 448, 90 A. 137; Long v. Stout, 1931, 305 Pa. 310, 157 A. 607; Restatement, Judgments, § 61.

[12] Jacobowitz v. Metselaar, 1935, 268 N.Y. 130, 197 N.E. 169, 99 A.L.R. 1198; Sadof v. Tannenbaum, 1937, 251 App. Div. 323, 296 N.Y.S. 302.

[13] Brazill v. Isham, 1854, 12 N.Y. 9; New York Lumber & Wood-Working Co. v. Schneider, 1890, 119 N.Y. 475, 24 N.E. 4; Garvin v. Dawson, 1825, 13 Serg. & R., Pa., 246; Green v. Fricker, 1844, 7 Watts & S., Pa., 171.

[14] Behrens v. Feuerring, 1947, 296 N.Y. 172, 71 N.E.2d 454, reargument denied 297 N.Y. 472, 74 N.E.2d 180.

[15] United Press v. New York Press Co., 1900, 164 N.Y. 406, 58 N.E. 527, 53 L.R.A. 288; Finley v. Atlantic Transport Co., 1917, 220 N.Y. 249, 258, 115 N.E. 715, 718, L.R.A.1917E, 852, Ann.Cas. 1917D, 726.