In the Matter of the Application of PALMER & PIERCE, INC.,
   a New York Corporation, for an Order Directing that a
   Dispute between PALMER & PIERCE, INC., the Petitioner
   Herein, and the PRODUCERS MERCANTILE CORPORATION,
   Arising out of a Contract Entered into September 24, 1920,
   Providing for the Arbitration of Disputes as to Quality of
   Delivery Be Submitted to Arbitration in Pursuance of
   Chapter 275 of the Laws of 1920.

PRODUCERS MERCANTILE CORPORATION, Appellant; PALMER
            & PIERCE, INC., Respondent.

First Department, February 4, 1921.

Arbitration — breach of warranty in sale of fruit — arbitration
   agreement in margin of broker's note of confirmation of sale —
   issue whether marginal reference to arbitration was part of con-
   tract should be summarily tried — subordinate issue whether
   provision for arbitration " in usual manner " meant before arbi-
   tration committee of Dried Fruit Association or under statute.

A sale of fruit was evidenced by the food broker's note of confirmation in
   duplicate, a carbon copy being given to each of the parties.  On the
   margin of the note there was the following clause: " Any dispute arising
   as to the quality of delivery on this contract to be arbitrated in the usual
   manner."  On a motion by the buyer to compel arbitration the seller
   raised the question that the arbitration clause was not a part of the
   contract.

Held, that in the absence of testimony the court could not decide that
   question on the petition and answer and that the seller was entitled to
   a summary trial thereof.

Further, if it is found that the clause is a part of the contract it will be
   necessary to determine whether the clause providing for arbitration " in
   the usual manner " refers to arbitration before the board of arbitration
   of the Dried Fruit Association of New York, which settles many disputes
   of the nature of the one involved, or to arbitration pursuant to the laws
   of this State.

APPEAL by Producers Mercantile Corporation from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 21st day of December, 1920, directing the
parties to submit to the arbitration of a controversy existing
between them and appointing an arbitrator in accordance with

sections 2 and 3 of the Arbitration Law (Consol. Laws, chap. 72; Laws of 1920, chap. 275).

There is no question of constitutionality of the Arbitration Law raised on this appeal.

*Alexander Holtzoff* of counsel [*Paul Windels* with him on the brief; *Percival S. Jones*, attorney], for the appellant.

*Gustave A. Teitelbaum* of counsel [*Louis Jaykowsky* with him on the brief; *Teitelbaum & Jaykowsky*, attorneys], for the respondent.

Greenbaum, J.:

The petitioner, Palmer & Pierce, Inc., and the Producers Mercantile Corporation, the appellant, are wholesale dealers in produce. On or about September 24, 1920, Palmer & Pierce, Inc., duly purchased from the Producers Mercantile Corporation 1,300 boxes of currants through the medium of a firm of food brokers. The sale was evidenced by the brokers' note of confirmation in duplicate, a carbon copy thereof being given to each of the parties. On the margin of the note appears the following clause: "Any dispute arising as to the quality of delivery on this contract to be arbitrated in the usual manner."

The petition sets forth the contract between the parties and the payment to the appellant of $14,356.25 in accordance with the terms thereof and alleges that thereafter it was discovered that the goods delivered to the petitioner were "contrary in quality and condition to the fruit" which had been purchased under the contract; that notice of the defective condition was given to the seller, who paid no attention thereto; that petitioner made repeated demands for arbitration of the matters complained of in accordance with the provisions of the contract in that regard, and that the appellant refused to arbitrate.

The appellant interposed an answering affidavit to the petition, denying some of the allegations in the petition affecting the merits of the petitioner's claim, which cannot here be considered, and alleged that the arbitration clause appearing on the margin of the contract was not a part of the contract, and that at the time that the sale was discussed

with the brokers " nothing was said about arbitrating any disputes that might arise between the parties to said sale."

There was thus a material issue presented as to whether the marginal reference to an arbitration was a part of the contract. The learned justice who heard the application for an order to enforce arbitration held upon the papers before him that the arbitration clause was a part of the contract. It is, however, evident that, in the absence of testimony, the court was not in a position judicially to pass upon the question of fact raised by the petition and answer thereto. It may be that upon the trial it will be found that the appellant was ignorant of the marginal reference to arbitration, and that the broker, although authorized to sign the memorandum notes, was not empowered by trade usage or expressly to include an arbitration clause in the memorandum. The Arbitration Law provides for just such a contingency in section 3 thereof which *inter alia* reads as follows: " If the making of the contract or submission    *    *    *    be in issue, the court, or the judge thereof, shall proceed summarily to the trial thereof."

It also appears from the answering affidavit that the Dried Fruit Association of New York is an " association of merchants organized for the betterment and improvement of trade relations of merchants and has to that end established a board of arbitration wherein disputes regarding quality are frequently determined between members and non-members. This medium of arbitration and its facilities are almost uniformly resorted to by food merchants generally in this city." Should it be decided that the arbitration clause was a part of the contract, it is evident that it would also become necessary to interpret the meaning in the arbitration clause of the words " in the usual manner." This may require the taking of testimony. If it be found that the " usual manner " to arbitrate in the dried fruit trade was under the board of arbitration of the Dried Fruit Association of New York, it would be incumbent upon the court to direct an arbitration accordingly.

Under the circumstances we are constrained to reverse the order entered, with ten dollars costs and disbursements, and to direct a summary trial of the issue as to whether or not a

contract of arbitration was entered into between the parties and, if so, of the further issue, whether the arbitration agreed upon was one to be conducted by the board of arbitration of the Dried Fruit Association of New York, or pursuant to the laws of this State.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and a summary trial directed as stated in opinion. Settle order on notice.