THEODORE F. KALBFLEISCH, Respondent, *v.* JAMES ANDERSON, Appellant.

Third Department, May 3, 1922.

Duress — threat by defendant to file petition in bankruptcy and to give testimony to show that payment made by defendant to plaintiff within four months was unlawful preference constitutes duress — order on third persons executed by plaintiff under said duress to pay money to defendant should be set aside and canceled — delivery of order to defendant by person to whom it was intrusted was not with plaintiff's consent.

A threat made by the defendant to the plaintiff within four months of the time that the defendant had paid the plaintiff a debt for $35,000, that unless the plaintiff would pay to the defendant $7,500 he would file a petition in bankruptcy immediately and give false testimony to show that the payment of $35,000 was an unlawful preference, amounts to legal duress. Accordingly, an order given by the plaintiff directed to third persons to pay to the defendant $7,500 as demanded by the defendant, and delivered to another who, against the express directions of the plaintiff, delivered it to the defendant after the expiration of the four months' period, should be set aside and canceled.

If the person to whom the order was given for delivery was the agent of both parties, it was his duty to make delivery notwithstanding that the plaintiff forbade him to do so and in this view the duress, which procured the execution of the order, procured its delivery, while on the other hand, if the person to whom the order was delivered was the agent and attorney of the plaintiff, the delivery having been forbidden was unauthorized and the plaintiff was 1 ot bound thereby.

APPEAL by the defendant, James Anderson, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Warren on the 10th day of November, 1921, denying defendant's motion for judgment on the pleadings, consisting of an amended complaint and an answer thereto; also from an order of the Supreme Court, made at the Schenectady Special Term and entered in said clerk's office on the same day, denying defendant's motion to vacate an injunction order, and also from an order of the Supreme Court,

made at the Schenectady Special Term and entered in said clerk's office on the same day, granting plaintiff's motion to continue an injunction order.

*Parsons & McClung* [*John T. Norton* of counsel], for the appellant.

*Brackett, Todd, Wheat & Wait* [*Edgar T. Brackett* and *E. Raymond Shepard* of counsel], for the respondent.

H. T. KELLOGG, J.:

The complaint alleges the following: That on or about the 17th day of May, 1918, the plaintiff and the defendant entered into a contract the terms of which were as follows: " This agreement, made this 17th day of May, 1918, between James Anderson, of the first part, and Theodore F. Kalbfleisch, of the second part, is as follows: Said Anderson has this day paid to said Kalbfleisch thirty-five thousand ($35,000) dollars, and has deposited with James A. Parsons and William T. Byrne, as trustees, seventy-five hundred ($7,500.00) dollars, to be held by the latter as security for any further sums due Kalbfleisch and to secure him against any liability for notes he has endorsed for Anderson.   This is not an admission by said Anderson that the liability amounts to $42,500.00, and if it is less, the difference shall be paid him from said deposit, and if it is not sufficient, by said Kalbfleisch, personally.   This is not an admission by said Kalbfleisch that the liability is not more than $42,500.00, and if it is, the liability remains subject to said payments, the said $7,500.00 in such event to be paid Kalbfleisch. The parties are to meet as soon as possible at Glens Falls, to attempt to state a balance by agreement; " that prior to the 12th day of September, 1918, the defendant falsely represented to Henry W. Williams, the plaintiff's attorney, that he was indebted to his son in the sum of $40,000, and to other creditors in the sum of $110,000; that he stated to the plaintiff's attorney, Henry W. Williams, that unless the plaintiff paid to the defendant the sum of $10,000 the defendant would immediately file a petition in bankruptcy, and in such proceedings would testify that at the time the agreement of May 17, 1918, was made the plaintiff knew that the defendant was insolvent; that he further stated that upon such testimony it would be held in bankruptcy proceedings that the payment of $35,000 by the defendant to the plaintiff recited in the agreement, was an unlawful preference; that the plaintiff did not know or believe that the defendant was insolvent, if such were the fact, and that the statements thus made by the defendant were wholly untrue; that the payment of the sum of $35,000 was not an unlawful preference, as was well known to the defendant at the time he made his threats and statements;   that the plaintiff believed that if he

failed to comply with the demands made, the defendant would carry out his threats and would give such false testimony; that the plaintiff knew that if the defendant did thus carry out said threats and so falsely testify, he would become involved in a long drawn out and expensive litigation; that if the defendant gave such false testimony the issue of the litigation might become doubtful and the transfer of the said sum of $35,000 to the plaintiff might be held to be unlawful; that the plaintiff persuaded the defendant to reduce his demand of $10,000 to the sum of $7,500; that acting under the influence of said threats and the fear, coercion and duress created thereby, the plaintiff on or about September 12, 1918, executed and delivered to Henry W. Williams, his attorney, a written order, directed to James A. Parsons and William T. Byrne, the trustees named in the agreement of May 17, 1918, to pay to the defendant the sum of $7,500 which had been deposited with them under the terms of such agreement, and directed the said Williams to deliver the said order to the defendant or his attorneys after the 17th day of September, 1918, if no petition in bankruptcy had then been filed; that on or about December 12, 1918, the said Henry W. Williams forwarded the said order to James A. Parsons, the attorney for the defendant, against the express directions of the plaintiff, and after the plaintiff had forbade said Williams to deliver said draft to the defendant, or to any one on his behalf, of all of which the defendant and his attorney, James A. Parsons, had notice; that the defendant was at all times indebted to the plaintiff in a sum far in excess of the sum of $7,500 mentioned in said order after deducting the payment of $35,000 made to the plaintiff on May 17, 1918. The complaint then prays for judgment restraining the defendant and the said James A. Parsons and William T. Byrne from using, accepting or in any way recognizing the order thus delivered, and asks that the said order be declared void, and be delivered up and canceled.

It will be noted that the alleged threats are stated to have been made on or before September 12, 1918. This was within four months after the transfer of May 17, 1918. There was sufficient time remaining, therefore, for the defendant to file a petition in bankruptcy and, by establishing that to the knowledge of the plaintiff he was insolvent on May 17, 1918, to avoid the transfer then made. (See Bankruptcy Act [30 U. S. Stat. at Large, 562], § 60, as amd. by 32 id. 799, 800, § 13, and 36 id. 842, § 11.) Consequently, the plaintiff stood in real and imminent peril of losing the $35,000 which had been paid him, as well as the $7,500 which had been paid to the trustees. This peril, under the allegations of the complaint, lay, not alone in the threatened bankruptcy pro-

ceedings, but in the perjury which the defendant threatened to commit therein. If the plaintiff believed the threats, he was under genuine duress when he executed the order directing the trustees to pay $7,500 to the defendant. The order was executed within the four months' period while the defendant still had power to carry out his threats. It is true that it was not delivered to the defendant until after the period had expired. It was, however, when executed delivered into the hands of Henry W. Williams, with directions to deliver it to the defendant after September 17, 1918. It was thus delivered, according to the allegations, contrary to orders given Williams by the plaintiff, and the defendant knew that the delivery had been forbidden. If Williams was the agent of both parties it was his duty to make delivery. In this view, the duress which procured the execution of the order, in the natural course, procured its delivery. On the other hand, if Williams was the agent and attorney of the plaintiff the delivery having been forbidden was unauthorized. In either event, if the allegations are true, the order should be set aside and canceled. We think that the cases of *Kamenitsky* v. *Corcoran* (177 App. Div. 605) and *Ring* v. *Ring* (127 id. 411) justify the view that the complaint states a cause of action.

The orders should be affirmed, with costs.

Orders unanimously affirmed, with ten dollars costs and disbursements in one motion.