In the Matter of the Application of H. F. GRESHAM & Co., LTD., for an Order Directing that Arbitration Proceed between Said H. F. GRESHAM & Co., LTD., and EDWARD JORDAN-KIEL Co., INC.

EDWARD JORDAN-KIEL Co., INC., Appellant; H. F. GRESHAM & Co., LTD., Respondent.

First Department, July 14, 1922.

Arbitration — contract for arbitration — application for order appointing sole arbitrator under contract — arbitration agreement appeared below signature of agent of appellant — affidavit of agent that he did not intend to and had no authority to agree to arbitrate when he signed contract — appellant had right under Arbitration Law, § 3, to jury trial of question whether parties contracted to arbitrate.

The appellant, on an application for an order appointing a sole arbitrator under a contract claimed to have been entered into between the parties, was entitled, on demand made under section 3 of the Arbitration Law, to a jury trial of the question whether the parties contracted for an arbitration of their differences under said contract, where it appears that the contract was signed by an agent; that the arbitration agreement appeared below the signature of the agent and

that the agent in his affidavit read in opposition to the motion for arbitration, swore that he had no authority to sign an arbitration contract and did not intend to do so.

APPEAL by Edward Jordan-Kiel Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of May, 1922, appointing a sole arbitrator to ascertain and determine the merits of the dispute under a contract claimed to have been theretofore made between the H. F. Gresham & Co., Ltd., the respondent, and the appellant, dated January 14, 1920.

*Stone & Schleimer* [*Benjamin F. Spellman* of counsel; *Max Schleimer* with him on the brief], for the appellant.

*Charles Fox* of counsel, for the respondent.

SMITH, J.:

The controversy between the parties hereto was upon the appellant's liability upon a contract to purchase certain silk of the respondent herein. The order was in writing and was signed by Michael Scharf. Below the signature was the agreement for arbitration, which is sought to be enforced by the order appealed from. The appellant's position here is, *first*, that because this agreement for arbitration appears below the signature of Scharf, it is not part of the contract, and, *second*, that Scharf had no authority to execute such a contract on behalf of the appellant. The appellant also demanded a jury trial upon the issue, *first*, whether the order is a contract; *second*, whether the order contained a provision for arbitration; and *third*, whether Michael Scharf had authority to make a contract that, in case of dispute it should be settled by arbitration. This demand was made under section 3 of the Arbitration Law, as enacted by chapter 275 of the Laws of 1920, being chapter 72 of the Consolidated Laws. Among the papers read in opposition to the motion for arbitration was the affidavit of Michael Scharf that he was not authorized to agree to arbitration.

We are of the opinion that an issue is raised in this proceeding upon which the appellant is entitled to a jury trial under section 3 of chapter 275 of the Laws of 1920, to wit, whether the parties contracted for an arbitration of their differences under the said contract. This question will be determined upon considering, *first*, whether the minds of the parties met upon the making of such a contract, the affidavit of Michael Scharf being to the effect that his attention was not called to the provision, that it was below his signature, and that no such agreement was in fact made or intended to be made by him. The *second* fact bearing upon the question would be as to the authority of Michael Scharf to make

an agreement to arbitrate the differences between the parties to the said contract. The question does not seem to be raised as to the authority of Scharf to make a contract on behalf of the appellant for the purchase of the goods. The contract purports to have been made with the appellant through Michael Scharf, and the signature of Michael Scharf to the contract, in view of the recitals in the contract itself, would, I think, bind the appellant as to any contract actually made by Michael Scharf with actual authority to make the same.

In the case of *Matter of Palmer & Pierce, Inc.* (195 App. Div. 523) this court held that the court must there summarily determine whether in fact the contract was made. In that case there was no request for a jury trial, which is here made and which cannot be disregarded under the statute cited.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the matter remitted to the Special Term to try the issue as to whether the parties intended to agree to submit the matters arising under the contract to arbitration, and as to whether there was authority on the part of Scharf to make such agreement if one were intentionally made by him.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and matter remitted to the Special Term for further action in accordance with opinion.