November 28, 1922, affirming an award made under the Workmen's Compensation Law. Claimant's husband, a traveling salesman, working on commission, in the employ of defendant Marwell Brothers, Inc., wholesale grocers, was killed at a railway crossing while on the way from his home to take a car to a near by city for the purpose of visiting his customers and soliciting orders for his employer. Defendants objected that the accident did not arise out of and in the course of the employment. The Appellate Division held that a traveling man, working on commission, begins his work when he leaves his home, or the place where he lives or passes the night, to visit directly a customer; that he makes these trips to his customers directly under and in the course of his employment.

*Jeremiah F. Connor* for appellants.

*Carl Sherman, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THEODORE F. KALBFLEISCH, Respondent, *v.* JAMES ANDERSON, Appellant.

*Pleading — action to enjoin negotiation, transfer or enforcement of orders to pay moneys — when complaint states cause of action.*

*Kalbfleisch* v. *Anderson,* 201 App. Div. 158, affirmed.

(Argued January 8, 1923; decided January 23, 1923.)

APPEAL, by permission, from three orders of the Appellate Division of the Supreme Court in the third judicial department, entered May 22, 1922, which unanimously affirmed orders of Special Term (1) denying defendant's motion for judgment on the amended pleadings; (2) granting plaintiff's motion to continue an injunction order *pendente lite* made at the commencement of the action and served with the summons and original complaint; (3) denying defendant's motion to vacate said injunction order after the service of the amended complaint. The

action was brought to enjoin the defendant from negotiating, transferring or enforcing an order signed by the plaintiff, directing James A. Parsons and William T. Byrne to pay to the defendant, or his order, certain moneys held by them as trustees under an agreement made between the plaintiff and defendant on May 17, 1918, and to procure its cancellation on the ground that the execution of the order was procured by duress and that it was made without consideration. The following question was certified: " Does the amended complaint state facts sufficient to constitute a cause of action? "

*John T. Norton* for appellant.

*John H. Barker* for respondent.

Orders affirmed, with one bill of costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE HANOVER NATIONAL BANK OF THE CITY OF NEW YORK, Appellant, *v.* HENRY M. GOLDFOGLE et al., as Commissioners of Taxes and Assessments of the City of New York, Constituting the Board of Taxes and Assessments of the City of New York, Respondents.

. (Submitted January 15, 1923; decided January 23, 1923.)

Motion for re-argument denied, with ten dollars costs and necessary printing disbursements. (See 234 N. Y. 345.)

---

DAVID BERNSTEIN, Appellant, *v.* LEON KAHN SHOE CO., INC., Respondent.

*Appeal — order of Appellate Division reversing order denying motion to vacate service of summons and complaint — appeal therefrom without permission dismissed.*

Bernstein v. Kahn Shoe Co., 201 App. Div. 845, appeal dismissed. (Submitted January 9, 1923; decided January 30, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered