In the Matter of the Application of CHENEY BROTHERS, Respondent, for an Order Directing JOROCO DRESSES, INC., Appellant, to Proceed with an Arbitration and to Nominate One of the Board of Arbitration.

First Department, December 31, 1926.

**Arbitration — application to compel arbitration under contract — question of fraud raised — arbitration will not be directed until that question is settled.**

A party to a contract, which stipulates for arbitration, cannot compel arbitration by the other party until a question of fraud in the inception of the contract is tried and determined.

MERRELL and MARTIN, JJ., dissent.

APPEAL by Joroco Dresses, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of December, 1926, granting petitioner's motion directing arbitration to proceed.

*Max D. Steuer* of counsel [*Maurice Deiches* with him on the brief; *Deiches, Goldwater & Flynn*, attorneys], for the appellant.

*Robert P. Levis*, for the respondent.

PER CURIAM. The order should be reversed, with ten dollars costs and disbursements, and the motion to compel arbitration

denied, with ten dollars costs, on the ground that the question as to whether or not the contract was fraudulently induced raises an issue of fact which must be tried before the right to arbitration under the contract may be enforced. If the contract was voided by fraud, the arbitration provision therein falls.

Present — CLARKE, P. J., DOWLING, MERRELL, MCAVOY and MARTIN, JJ.; MERRELL and MARTIN, JJ., dissent.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.