In the Matter of Arbitration between METRO-GOLDWYN-MAYER DISTRIBUTING CORPORATION and DEWITT DEVELOPMENT CORPORATION.

Supreme Court, Erie County, August 18, 1931.

*Herbert T. Silverberg,* for the petitioner.

*Ray B. Smith,* for the defendant.

MACGREGOR, J. This is an application for an order designating two arbitrators and directing arbitration under an alleged contract between the parties, dated December 3, 1930, which provides that all claims and controversies arising thereunder shall be determined by arbitration.

The petitioner alleges in the petition that all of the conditions upon its part to be performed have been performed and that a dispute has arisen under the contract; that notice has been given to the defendant, requiring the selection of arbitrators; that the defendant has failed to comply, and this motion is made under section 3 of the Arbitration Law, for an order directing that such arbitration proceed.

The defendant contends that the making of the contract was induced by fraudulent representations; that it was forced to accept the contract; that it was invalid and illegal because petitioner is a member of an illegal combination and that the arbitration clause is in violation of the Sherman Anti-Trust Act.

The motion to compel the defendant to proceed with the arbitration cannot be granted when any question is at issue as to the validity of the contract. It is held in *Matter of Cheney Brothers* v. *Joroco Dresses, Inc.* (218 App. Div. 652) that a party to a contract which stipulates for arbitration cannot compel arbitration by the other party until a question of fraud in the inception of the contract is tried and determined. The Court of Appeals reversed upon the ground that no fraud was shown in the procuring of the contract, stating that the question whether arbitration could be compelled to determine the issue made as to the procurement of the contract by fraud was not before it and would not be determined (245 N. Y. 375).

In *Matter of Collishaw* (211 App. Div. 809) the court held that the provision for arbitration of disputes arising out of the contract has no reference to the alleged repudiation of the entire contract.

In *Matter of Gresham & Co., Ltd.* (202 App. Div. 211), on an

application to proceed under the statute, the court held that a jury trial should be had of the issue as to the validity of the contract. To the same effect is the case of *Matter of Palmer & Pierce, Inc.* (195 App. Div. 523); also *Finsilver, Still & Moss* v. *Goldberg, M. & Co.* (253 N. Y. 382).

The contentions of the defendant that the contract is invalid upon the ground that it was executed under duress or that it was void as against public policy because the petitioner was a member of an illegal combination are without merit. The facts stated do not indicate that the defendant acted under duress. It was under no compulsion to sign the contract. The fact that the defendant's representative was told or had knowledge that, if he did not sign this particular contract, the defendant would be unable to secure any news reel service because other distributors would not give him service, did not constitute duress. (*Jenkins S. S. Co.* v. *Preston*, 186 Fed. 609; *Dennehy* v. *McNulta*, 86 id. 825; *Kamenitsky* v. *Corcoran*, 177 App. Div. 605; *Carden* v. *Kerr*, 224 id. 1; affd., 250 N. Y. 544.)

Nor can it be held that the defendant can claim in this proceeding that the contract was invalid upon the ground that there was an illegal combination. In the *Dennehy Case (supra)* it was held that one who purchased liquors from an illegal combination of distillers which controlled the market and prices, though impelled thereto by business needs and policy, enters into the contract voluntarily and cannot raise the question in an action under the contract as to the illegality of the combination. The court says in that case: "As the purchaser elected to take the goods upon the terms fixed, and with all the circumstances in mind, his rights must be measured by the contract and not by the motives which influenced either party to enter into it. If the seller took advantage of his necessities and made the price excessive, it would be subversive of the well-established rules which govern contract rights to receive testimony of such circumstances, to so modify the terms agreed upon, and allow recovery of the excess in price. In the case of an injurious combination of the nature asserted here, the remedy is by well recognized and direct proceedings; but one who voluntarily and knowingly deals with the parties so combined cannot, on the one hand, take the benefit of his bargain, and, on the other, have a right of action against the seller for the money paid, or any part of it, either upon the ground that the combination was illegal, or that its prices were unreasonable."

If an illegal combination existed, the defendant had an adequate remedy at law by injunction or otherwise to have the question of the illegality of the combination brought before the courts, or

application could have been made to the Attorney-General of the State to proceed against the combination under the statutes of the State with reference to monopolies, but the court is not in a position in the present proceeding to entertain the question as to the illegality of the combination, if any exists, as it is a matter entirely collateral to the contract now in issue.

Conceding that the issue could be raised in this proceeding that the arbitration contract is an illegal one, the contention of the defendant is unsound. In the *Lasky Case* (34 F. [2d] 984) the contract of arbitration provided: " If the exhibitor fails or refuses to consent to submit to arbitration any claim or controversy arising under the contract, or under any other standard exhibition contract which he may have with the distributor, *or with any other distributor.*"

Under that contract in the event the exhibitor failed to comply with the contract he had with a particular distributor then all other distributors not parties to the contract could cancel their contracts with the exhibitor.

It was shown in the *Lasky* case that the exhibitor was at the mercy of those who were in control of practically the whole moving picture industry and that if the exhibitor did not obey he would be prevented from continuing his business.

Judge Thacher said in that case: " Nothing that has been said should be taken in derogation of the right of trade or commercial groups, or of traders generally, to voluntarily impose upon themselves standard forms of agreements which do not unduly restrict competition and thus restrain trade, or to agree that all controversies arising between them shall be settled by arbitration. Such agreements dealing only with the rights of those who execute and intend to be bound by them are normal and usual, and are proper instruments in the lawful conduct of trade. It is only when such agreements are sought to be imposed upon others, regardless of their wishes, by coercive combinations having the power to say ' Take what is offered or get nothing,' that they become illegal.

" Upon settlement of the decree the parties may suggest provisions, if such be feasible, under which uniform contracts containing arbitration clauses may be voluntarily adopted by the members of this industry without coercion or other unlawful restraint."

Section 3 of the Arbitration Law provides that if the making of the contract be in issue, the court shall proceed summarily to the trial thereof unless a demand for a jury trial be made on or before the return day of the notice of application, in which event an order shall be made referring the issue or issues to a jury in the manner provided by law for referring to a jury issues in an equity

action. No application has been made for a jury trial, and unless the parties stipulate for a jury trial the court will be required to hear and determine the issue. The court would prefer that the issues be tried before a jury. Arrangements should be made by the parties immediately to determine the manner and time of determining the issue as to the question of fraud or false representations. If agreement cannot be arrived at, then application should be made to the court upon five days' notice.