In the Matter of the Arbitration between UNIVERSAL FILM
EXCHANGES, INC., Petitioner, and GEORGE W. KING,
Respondent.

Supreme Court, Erie County, September 23, 1932.

*Herbert T. Silverberg,* for the petitioner.

*Sidney B. Pfeifer,* for the respondent.

NOONAN, J. This is an application by the petitioner under the
Arbitration Law for an order directing arbitration to proceed
between the parties, under two contracts alleged to have been made
and which contain an arbitration clause broad enough in terms to
cover the subject-matter of a controversy alleged in the petition
to have arisen between the parties.

The petition sets forth what amounts to a refusal by the respond-
ent to submit to arbitration and asks for an order directing arbi-
tration and appointing arbitrators on behalf of the respondent.

The application was noticed for hearing on the 22d day of June,
1932, and was adjourned from time to time until September 9,
1932, when the respondent served a demand for a jury trial of
the issues raised by his answering affidavit, which also puts in
issue the making of the contract containing the arbitration clause,
and asks for an order referring the issues to a jury.

Upon the hearing, the petitioner submitted a number of docu-
mentary exhibits, and claims that they establish the existence of
the contract in question as a matter of law so that no trial of the
issues need be had.

Section 3 of article 2 of the Arbitration Law governs the practice

on such an application as the present one. It provides as follows: " If the making of the contract or submission or the default be in issue, the court, or the judge thereof, shall proceed summarily to the trial thereof. If no jury trial be demanded by either party, the court, or the judge thereof, shall hear and determine such issue. Where such an issue is raised, any party may, on or before the return day of the notice of application, demand a jury trial of such issue, and if such demand be made, the court, or the judge thereof, shall make an order referring the issue or issues to a jury in the manner provided by law for referring to a jury issues in an equity action."

For the court to determine whether or not the contract was made upon the petition, answering affidavit and the documentary exhibits produced by the petitioner on the hearing would be to determine the issue without affording the respondent an opportunity to present his evidence. If there is no valid contract between the parties there is no basis for the demand for arbitration. An issue having been raised as to the existence of such contract, it must be tried, and though the trial may be summary, full opportunity must be afforded to both parties to present their evidence and argue its legal effect. It follows that an order must be made for the trial of the issues. (*Matter of Palmer & Pierce, Inc.*, 195 App. Div. 523; *Matter of Gresham & Co., Ltd.*, 202 id. 211.)

The remaining question is whether the respondent is entitled to a jury trial of the issues. Reference to the law as quoted above discloses that a jury trial must be had if a demand therefor is made on or before the return day of the notice of the application. In this case the return day was June twenty-second, the matter was adjourned from time to time until September eighth, when the demand was made. I am of the opinion that the demand was not timely and that the right to a jury trial has thereby been waived. It is true that there has been no waiver in accordance with any of the modes prescribed by section 426 of the Practice Act, but that section is not exclusive as has been frequently held by the courts. The apparent intention of the Legislature in enacting the Arbitration Law was to provide for the prompt disposition of business controversies and to avoid the delay attendant upon jury trials unless the parties choose to insist upon the constitutional right to a jury trial in a prompt and timely manner. Upon this question the case seems to be one of first impression and, as stated above, my view of the statutory provision is, that a failure to demand a jury trial on or before the return day constitutes a waiver thereof.

It follows that an order should be made for a summary trial of the issues before the court. Submit order accordingly.