JACK WASSERSTEIN, as President of the WHOLESALE DRY GOODS EMPLOYEES UNION, an Unincorporated Association of More Than Seven Members, Plaintiff, *v.* JOSEPH BEIM and Others, Copartners Doing Business under the Firm Name and Style of BEIM, IVLER & BREITER, Defendants.

Supreme Court, Special Term, New York County, March 2, 1937.

*Chambers & Chambers*, for the plaintiff.

*Benjamin H. Wicksel*, for the defendants.

COTILLO, J. This is an action by a labor union for injunctive relief against a threatened breach of an agreement made by it with defendants, who are employers of a large proportion of the members of plaintiff union. The agreement was entered into on October 13, 1936, in settlement of a strike then in existence, and by its terms governs the relations of the parties until March, 1938. The defendants assert that the agreement, which they admittedly executed, was the result of coercion amounting to duress, rendering the contract voidable, and they urge this invalidity both as a defense and by way of counterclaim for affirmative relief declaring such contract invalid. When the matter came on before the court for injunctive relief *pendente lite*, the entire action, by consent, was referred to a referee to hear and report.

After hearings upon which over a thousand pages of testimony were taken, including, however, much argument and colloquy, the referee rendered his report which in substance finds that defendants executed the agreement of October, 1936, under duress and that the same is unenforcible for that reason. In addition to his report, he passed upon and signed findings of fact and conclusions of law submitted by both parties.

Defendants now move to confirm the report and for judgment in accordance therewith. Plaintiff union moves upon the entire proceedings for judgment in its favor as demanded in its complaint. For the purposes of the present motions, the findings thus passed upon and the report will be considered as comprising the report which the referee was authorized and directed to make.

It is clear that a legally called and properly conducted strike does not constitute duress. In the present case the strike was made effective by the fact that it was called at the height of defendants' busy season. This is asserted by defendants to constitute " economic pressure " which destroyed their freedom of volition. Their own testimony shows that the agreement was arrived at after long conferences at which defendants were represented by counsel, and during which many radical changes were made in the agreement at the latter's insistence. Defendants' counsel instigated the negotiations between plaintiff and defendants leading up to the contract here in dispute. He advised defendants that the acts of plaintiff and its members were in violation of law and that this court would grant injunctive relief. Defendants chose, however,

to adjust the matter without recourse to the courts. They signed the agreement on October thirteenth, and both parties operated under it until December twenty-fourth, when defendants gave notice of their repudiation of its terms. Their busy season had then passed and they could then economically afford to risk a strike. If the strike was legally called and properly conducted, defendants may not thus repudiate an agreement entered into to avoid or settle such strike. (*McPherson* v. *Cox*, 86 N. Y. 472; *Dunham* v. *Griswold*, 100 id. 224; *Lilienthal* v. *Bechtel Brewing Co.*, 118 App. Div. 205; *Matter of Metro-Goldwyn-Mayer Distributing Corp.*, 150 Misc. 408; *Maisel* v. *Sigman*, 123 id. 714; *Goldfinger* v. *Feintuch*, 159 id. 806, and cases there cited.) This phase of the case now before me was ably reviewed by Mr. Justice BURR in *Maisel* v. *Sigman* (*supra*), and the opinion there rendered also amply supports the proposition that duress may not be asserted after operating under the agreement for nearly three months.

One of the questions to be decided is the legality of the strike. The record shows an absence of violence or other improper acts save, perhaps, a too large assemblage of strikers in the vicinity of defendants' store. Whether or not the strike was legal depends upon the events immediately preceding it. In April plaintiff and defendants, together with an association of employers, entered into a tripartite agreement which by its terms expired February 15, 1937, if not renewed by failure to give notice. Under that agreement one Golden was made arbitrator of all differences arising between the parties concerning labor disputes. A dispute did arise relating to payment at overtime rates of wages of employees who worked on certain holidays, and Golden found in favor of the workers. On the approach of Labor Day, 1936, a similar question arose, and an effort was made to have it settled in advance. Golden had then resigned as arbitrator and one Mandelbaum was acting temporarily in his place. Mandelbaum did not desire to pass upon the question. One Judd, who represented the employers' association, agreed with Osman, representing the plaintiff union, to submit the question to Golden and to be bound by his decision. Golden again found in favor of the employees, and it appears there was $455 due them for their Labor Day work. Judd agreed to pay this amount personally, and did tender his check of fifty dollars, which plaintiff retained until the day of the strike, at which time the check was returned to Judd with the statement that the union was seeking a determination of employees' rights rather than the payment of moneys by Judd personally. Defendants refused to be bound by Judd's act in submitting the matter to Golden. There can be little doubt that a practical arbitration of the Labor Day controversy

had been had under the April agreement, and that defendants were refusing to abide by the result. Judd's authority to submit the matter to Golden appears to be satisfactorily established by the documentary proof, although defendants deny he was their representative. It may well be that the strike called as a protest against defendants' refusal to live up to the April agreement as twice interpreted by Golden was ill-advised and perhaps unnecessary, but it cannot be said it was illegal or in violation of the then existing agreement. Other methods might have been resorted to in the interests of peace, but it cannot be said that the union was obligated to negotiate further in an endeavor to make defendants live up to the April agreement. The exhibits in evidence disclose that much of defendants' oral proof does not conform to the facts as established by written documents. In any event, the agreement of October 13, 1936, was the result of negotiations instituted by defendants to end a strike caused by a misunderstanding of the rights of the parties under the April agreement, and was executed by defendants after consultation with their counsel and with full knowledge that the courts were open to them for relief, and counsel's advice that such relief could be speedily obtained. Having thus entered into the agreement and secured all the advantages of its terms until the expiration of the season, it does not appear just or equitable to permit defendants to now repudiate it. Plaintiff is entitled to judgment decreeing the validity of the October agreement and restraining defendants from acts in violation thereof.

While I have thus disagreed with the conclusions of the referee, it is not necessary to re-refer this matter to him or another referee. The facts are well established. It is chiefly the inferences to be drawn from these facts and the conclusions of law flowing therefrom that are in dispute.

Submit a new decision for signature by me, embracing proposed findings of fact as requested by plaintiff numbered 1 to 24, inclusive (except Nos. 9, 15 and 17, which may be omitted as immaterial), 24, 26, 28, 29, 31 to 35, 38 (first part only), 39 to 52, 58 to 61, 63 to 65, 67, 69 to 72 and 74. Include also conclusions of law as proposed by plaintiff, omitting those numbered 6, 12, 14, 15 and 16, and incorporating, in place of 6 a conclusion that the repudiation or threatened breach of the agreement of October 13, 1936, will, if carried out by defendants, cause irreparable damage to plaintiffs. No. 12 should be rewritten with the omission of the words " or any other individuals." Also add a conclusion that plaintiff is entitled to judgment in accordance with the decision. Give notice of such proposed decision and of presentation of the judgment thereon.