BETTY L. GRUEN, Appellant, *v.* LLOYD S. CARTER, Respondent.

First Department, November 17, 1939.

*Harold H. Corbin* of counsel [*Francis B. Delehanty, Jr.,* and *Harris Jay Griston* with him on the brief; *Harris Jay Griston,* attorney], for the appellant.

*Lewis A. R. Innerarity* of counsel [*Mahlon B. Doing* with him on the brief; *Coudert Brothers,* attorneys], for the respondent.

PER CURIAM. Since the plaintiff's right to file the stipulation for judgment deposited under the escrow stipulation was in dispute and the defendant had demanded arbitration in accordance with the terms of the escrow stipulation, the judgment entered thereon was not authorized and was properly vacated by the court. The court had no power, however, on such a motion to open the defendant's default and permit him to answer in violation of the agreement and stipulations of the parties, even though that agreement and those stipulations were claimed by the defendant to have been procured by fraud. (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.,* 247 N. Y. 435.)

The orders should be modified by eliminating so much thereof as opens the defendant's default and allows the defendant to interpose an answer to the complaint, and as so modified affirmed, without costs.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Orders unanimously modified by eliminating so much thereof as opens the defendant's default and allows the defendant to interpose an answer to the complaint, and as so modified affirmed, without costs.