In the Matter of the Application of BETTY L. GRUEN, Petitioner, for an Order Requiring LLOYD S. CARTER, Respondent, to Submit the Dispute between the Parties to Arbitration.*

Supreme Court, Special Term, New York County, January 22, 1940.

*Harris Jay Griston,* for the petitioner.

*Coudert Bros.* [*Lewis A. R. Innerarity* of counsel], for the respondent.

*Affd., 259 App. Div. 712.

HOFSTADTER, J. This is a motion to compel respondent to proceed to arbitration of a dispute between the parties as to petitioner's right to file a stipulation for judgment by default, executed by respondent. The latter resists the application, claiming that the agreement which contains a provision for arbitration of petitioner's right to file the stipulation was entered into by him under duress. A jury trial of the issue of duress is demanded by respondent.

Section 1450 of the Civil Practice Act provides that " if evidentiary facts be set forth raising a substantial issue as to the making of the contract " containing an arbitration clause and a jury trial is demanded, the court shall direct a jury trial in the manner provided by law for referring to a jury issues in an equity action. And I conceive that the claim that the agreement in which the arbitration clause is embodied is void for duress goes to the question of whether or not a valid agreement for arbitration is in existence and, therefore, constitutes a preliminary issue to be tried in the manner specified in section 1450 of the Civil Practice Act.

It is not for the arbitrators to decide upon the validity of the very agreement upon which their own status as arbitrators is predicated. In *Matter of Japan Cotton Trading Co., Ltd.*, v. *Farber* (233 App. Div. 354) an issue as to whether written contracts providing for arbitration had been adjusted and extinguished by an agreement constituting an accord and satisfaction was held to be triable as a preliminary issue. In *Matter of Cheney Bros.* (218 App. Div. 652) the Appellate Division held that " the question as to whether or not the contract was fraudulently induced raises an issue of fact which must be tried before the right to arbitration under the contract may be enforced." The court added that " if the contract was voided by fraud the arbitration provision therein falls." The Court of Appeals reversed the order of the Appellate Division solely on the ground that " no fraud in procuring the contracts * * * was shown," expressly refraining from deciding " the question whether arbitration could be compelled to determine an issue made as to the procurement of a contract by fraud." (*Matter of Cheney Bros.*, 245 N. Y. 375.) In *Matter of Metro-Goldwyn-Mayer* (150 Misc. 408; affd., 242 App. Div. 674) the court indicated that it was of the opinion that an issue as to whether a contract containing an arbitration clause was void for duress was a preliminary issue to be tried by the court or jury and not by the arbitrators themselves. The reasoning of these decisions is persuasive. In the absence of a contrary holding by our highest court they should be followed.

The contention of petitioner that the facts stated in respondent's papers do not present a substantial issue as to the procurement of

the contract through duress must be rejected. Although threats to institute legal proceedings or take other action which the law permits are insufficient in themselves to constitute duress, the rule is different where threats are made to give false testimony or to assert a wholly unfounded claim. (*Kalbfleisch* v. *Anderson*, 201 App. Div. 158; affd., 235 N. Y. 505; *Kamenitsky* v. *Corcoran*, 177 App. Div. 605; *Ring* v. *Ring*, 127 id. 411; affd., 199 N. Y. 574.) In the instant case respondent states that petitioner threatened to file and publicize the complaint which had been served upon respondent in which petitioner falsely and without foundation charged him with fraud, and that she further threatened to publicize the contents of a certain sealed package of papers which she told him contained damaging documentary evidence against him. Respondent maintains that he entered into the agreement containing the arbitration clause, as well as other agreements executed at the same time, solely by reason of his fear that petitioner would carry out these threats and ruin his personal reputation as well as his business. He is entitled to a jury trial of this issue in accordance with the demand filed by him.

The claim that even if duress existed respondent waived his right to avoid the agreement on that ground by performing the same for nearly a year and by subsequently demanding arbitration in accordance with the agreement is likewise without merit. Acts of respondent while still under the influence of the very threats which induced the making of the agreement are insufficient in themselves to ratify the agreement and waive the claim of duress. Respondent's partial performance of the agreement and his demand for arbitration all occurred while the complaint still remained unfiled and the package alleged to contain damaging documentary evidence still remained sealed. It was only after respondent's demand for arbitration that petitioner, in violation of the provision for arbitration of any dispute as to her right to file the stipulation for judgment by default, filed the complaint. Once this occurred respondent no longer had any motive for performing an agreement which he claims was entered into solely for the purpose of preventing such a result. His fears had been realized.

Nor is respondent precluded or estopped by his previous demand for arbitration from resisting the present application to compel arbitration. Petitioner, instead of acquiescing in the demand for arbitration, disregarded the same and in violation of the arbitration clause in her agreement with respondent filed the complaint and entered judgment by default against him. Respondent was not obliged to adhere to a demand for arbitration which petitioner repudiated.

The point that the decision of the Appellate Division (*Gruen* v. *Carter*, 258 App. Div. 36), on a prior appeal in an action between the parties to this proceeding, constitutes a holding that respondent could not assail the validity of the agreement containing the arbitration clause except through the institution of a plenary action is not well taken. The holding that " the court had no power   *   *   * on such a motion to open the defendant's default and permit him to answer in violation of the agreement and stipulations of the parties, even though that agreement and those stipulations were claimed by the defendant to have been procured by fraud," relates solely to the court's power *on an ordinary motion in an action* to set aside and vacate an agreement between the parties. The question of whether respondent (the defendant in the action referred to), in accordance with the express provisions of section 1450 of the Civil Practice Act, could resist an application to compel him to proceed to arbitration by submitting substantial evidence that the agreement containing the arbitration clause had been obtained through duress was not before the court for determination and there is nothing in its opinion to indicate its views on that subject.

Respondent further contends that the motion to compel arbitration should be denied altogether, without any trial of the issue of duress, by reason of petitioner's breach of her agreement with respondent by filing the complaint and entering judgment against him in violation of the provision that any dispute as to her right to do so was to be arbitrated and in disregard of respondent's demand for arbitration.

The decision of the Appellate Division on the appeal previously referred to apparently constitutes a holding adverse to respondent's contention. Even if the question be deemed an open one, it would seem that the refusal of petitioner to resort to arbitration does not, in itself, constitute so substantial a breach of the agreement in which the arbitration clause is to be found as to relieve respondent of the obligations thereof. If respondent is unsuccessful in establishing duress and arbitration is had, it may well be that the arbitrators will find that petitioner had the right to file the complaint and enter judgment by default. In such an event petitioner's previous disregard of the arbitration clause would not be so vital and substantial as to invalidate the entire agreement in which the clause is incorporated.

As to respondent's claim that the agreements executed by him were obtained through fraud as well as duress, I need only observe that he has failed to present " *substantial* " evidence of fraud, as distinguished from duress.

The motion is accordingly granted only to the extent of directing a jury trial of the issue of duress. Settle order.