Cohkt, J.
(dissenting). The relationship between the parties was fiduciary. Appellant was one of the customers of respondents, who are stockbrokers. According to appellant’s affidavit, he first began to deal with respondents in September, 1943. For a period of about one year following he traded in securities on a cash basis. In October, 1944, he started trading through respondents on margin. Shortly thereafter, a customer’s man employed by the brokers requested him to sign a paper printed in fine type so lengthy that its reproduction covers about seven pages of the record on appeal. He was .told that the execution of the paper was a mere formality and that such document was required by the New York Stock Exchange from all persons trading on margin and that there was nothing else to it. At the time, appellant requested a copy of the paper but was advised that this was not necessary and relying upon respondents, he signed the paper without knowledge of its contents. Until August 23, 1946, when the respondents made a demand. for arbitration of an alleged dispute between the parties, appellant did not know that the paper he had signed contained an arbitration clause. Appellant avers that he would never have signed the document if he had been advised it contained the arbitration clause in question; that it was represented to him the sole purpose of the paper was to secure an authorization to his brokers to trade for him on margin.
The sum and substance of respondents’ opposing affidavits and exhibits is that appellant was cognizant of the arbitration clause in the agreement when he executed it. Such proof, however, does not conclusively establish that there is no basis for appellant’s claim. There is, therefore, presented a substantial issue as to the factum of the agreement to arbitrate upon which issue petitioner is entitled to a jury trial. (Matter of Newburger v. Gold, 229 App. Div. 572, affd. 255 N. Y. 532; Matter of Hesslein & Co. v. Greenfield, 281 N. Y. 26; Matter of Gruen v. Carter, 173 Misc. 765, affd. 259 App. Div. 712.) “ Arbitration presupposes the existence of a contract to arbitrate. If a party to a controversy denies the existence of the contract and with it the jurisdiction of the irregular tribunal, the regular courts of justice must be open to him at some stage for the determination of the issue. The right to such a determination, either at the beginning or at the end of the arbitration or in resistance to an *435 attempted enforcement of the award, is assured by the Constitution as part of its assurance of due process of law.” (Finsilver, Still & Moss v. Goldberg, M. & Co., 253 N. Y. 382, 389, Cardozo, Ch. J.)
Accordingly, I dissent and vote to reverse the order and to grant the motion staying the arbitration proceeding and directing a trial of the issue as to the making of the arbitration agreement.
Martin, P. J., Townley and G-lennon, JJ., concur with Dore, J.; Cohn, J., dissents in opinion.
Order affirmed, with $20 costs and disbursements.