■ HENRY LEARY, Doing Business as HENRY LEARY PUMP AND TANK COMPANY, Respondent, v. LOCAL 1968, I.B.E.W.–A.F.L.–C.I.O., Appellant.— In a proceeding pursuant to CPLR 7503 (subd. [b]) to stay arbitration demanded by appellant, the appeal is from an order of the Supreme Court, Orange County, dated August 26, 1969, which granted such stay. Order reversed, on the law, without costs, and proceeding remitted to Special Term (1) for trial of the issue as to whether there is a valid contract for the arbitration and (2) for such further proceedings as Special Term may direct, not inconsistent herewith. The findings of fact below have not been affirmed. The record establishes a triable issue of fact whether a valid contract exists pursuant to which appellant had the right to promulgate arbitration of the dispute referred to in its notice of intention to arbitrate (cf. *Matter of Settineri*, 5 A D 2d 885; *Matter of Metro-Goldwyn Mayer Distr. Corp.* v. *Dewitt Development Corp.*, 150 Misc. 408, affd. 242 App. Div. 674). If Special Term finds such valid contract exists, then the scope of the matters which might be arbitrated thereunder are to be decided by the arbitrator (cf. *Matter of Plein* [*Charchat*], 17 A D 2d 25, affd. 12 N Y 2d 736; *Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329; *Matter of Long Is. Lbr. Co.* [*Martin*], 15 N Y 2d 380). Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.